PRESTON, *qui tam*, &c. *vs.* HUNT.

The penalty given by the statute to punish *champerty* and *maintenance*, does not attach, for *purchasing* title to land in possession of others than the grantor, unless such possession be *adverse;* nor even then, unless *knowledge* of such adverse holding be brought home to the purchaser.

THIS was an action of debt, to recover the penalty given by the act to punish *champerty* and *maintenance*, for *purchasing* a title to land in the possession of the plaintiff and others ; the cause was tried at the Yates circuit, before the Hon. DANIEL MOSELEY, one of the circuit judges.

On the 1st of March, 1825, the defendant purchased a lot of land containing 297 acres, of A. Jenkins and others for the consideration of $1784. The plaintiff and two others persons were, at the time of such purchase, in the *actual possession* of the premises. They claimed no title to the premises other than what was derived from a *possession* taken by one Benett, in the spring of 1806, who entered upon the land as a *vacant* lot, and from whom the possession had been transmitted through several persons to the plaintiff, and the other occupants in possession at the time of the conveyance to the defendant. They denied the title of A. Jenkins and others, and forbade their agent and the defendant to enter on the land for the purpose of making a survey, preparatory to the conveyance to the defendant. When the plaintiff rested, the defendant moved for a nonsuit, because it had not been shewn, 1st. That the occupants of the land at the time of the conveyance to the defendant held *adversely ;* 2d. That the persons under whom the defendant claimed had not been in the receipt of the rents for one year previous to the conveyance to the defendant ; and 3d. That the defendant, at the time of the purchase, had knowledge of an adverse holding by the plaintiff and the others in possession. The judge refused the nonsuit, and under his charge the jury found a verdict for the plaintiff, for $1486 ; which the defendant moved to set aside.

*E. Van Buren*, for defendant.

*J. A. Spencer*, for plaintiff.

NEW-YORK,    *By the Court,* SAVAGE, Ch. J.   The only question which it
May, 1831.   seems to me necessary to consider, is whether a person buying
Preston      a title to land not in the actual occupancy of the vendor, is
v.           liable to the penalty in the statute, unless the land be held
Hunt.        *adversely.*   The clause in the statute on which the action is
founded is as follows : " That no person shall buy or sell, or
by any means procure any pretended right or title, or make
or take any promise to any lands, tenements, or hereditaments,
unless such person who shall so bargain, sell, covenant, or
promise the same, or his ancestors, or those by whom he claims
the same, have been in possession of the same, or of the rever-
sion or remainder thereof, or taken the rents and profits there-
of, for the space of one whole year next before the said bar-
gain, &c. upon pain, &c."   In all the cases which I have ex-
amined upon this statute, two things seem to be necessary to
complete the offence, to wit : 1st. That the land shall be held
*adversely,* and 2d. That the party prosecuted shall have *knowl-
edge* of that fact.   Thus, in *Teele* v. *Fonda,* 7 Johns R. 251,
the court say the evidence is full and complete, that when the
defendants purchased the lot, it was claimed and possessed un-
der a title hostile to the Ogden title ; and all this was known
to the defendant at the time of his purchase.   And the case of ·
*Hassenfrats* v. *Kelly,* 13 Johns. R. 466, seems to me decisive
of this case.   That was an action against the defendant for
*selling* a lot of land ; and Spencer, justice, says : " To produce
the consequences of a violation of a penal statute, it ought to
appear expressly that there was a person in possession *claiming
to own the land.*   In the case of vendor of land, the statute
does not make mention of knowledge of an adverse posses-
sion, but it does in the case of a purchaser ; yet, in the case
of the vendor, in the case last referred to, the court held that
he would not incur the penalty by selling, unless he knew of
the adverse possession.

In this case there was no pretence of an adverse possession.
When the agent went to survey the land, a short time before
the conveyance was executed, the occupant disclaimed hold-
ing under any pretence of title.   The intendment of law in
such case is, that the possession is in subserviency to the true
title.   It is immaterial how long the possession may have con-

tinued; it was not hostile in its inception, nor did it become so at any subsequent period. Of course the defendant could have no knowledge of any adverse holding.

A new trial is granted, costs to abide the event.