ERASTUS CONVERSE *v.* SAMUEL SEARLS.

An assignment of a mortgage, when a third person is in possession of the mortgaged premises, claiming adversely, is not within the statute of 1807, "to prevent fraudulent speculations," &c.

THIS was an action of ejectment brought upon a mortgage executed by Farmery Hemenway to Rebecca Hapgood, on the 22d day of March, 1830, and assigned by her and her husband to plaintiff by deed dated February 23d, 1836, with the notes described in the mortgage.

On the trial in the County Court, the plaintiff offered a deed from Farmery Hemenway to Jonas Hemenway, dated 20th September, 1830; also a deed from Jonas Hemenway to Zophar Corey, dated 20th September, 1830, of one or two acres of the land conveyed by Farmery to Jonas; also a deed from Jonas Hemenway to Chester Stephens, dated 20th September, 1830; also a deed from Zophar Corey to Samuel Cook, dated 9th March, 1833; also a deed from Samuel Cook and Samuel Cook, jr. to Chester Stevens and Samuel Searls, dated 2d October, 1835; also a copy of a mortgage deed from Farmery Hemenway to Vashni Hemenway, dated 14th May, 1814; also a copy of a deed from Jonas Hemenway to Chester Stevens, dated March 1, 1832; also a copy of a deed from Jonas Hemenway to Samuel Cook, jr., dated 22d January, 1835.

It was admitted that the defendant was in possession of the land, claiming to be the owner and denying Rebecca Hapgood's title at the time that she and her husband conveyed to plaintiff.

The defendant offered in evidence a decree of foreclosure on the deed of Vashni Hemenway, dated January, 1826, which became absolute in one year; also a deed from Edward H. Hemenway, William Workman, and Sarah H. Workman, dated 3d November, 1834, to Chester Stevens and Samuel Cook, which embraced the same land for which the plaintiff had declared. It was admitted that Edward H. Hemenway, William Workman, and Sarah Workman, were the legal heirs of Vashni Hemenway.

The defendant objected to the conveyance from Rebecca Hapgood and her husband to the plaintiffs, on the ground that the defendant was at the time in possession, claiming the

title adversely to the plaintiff; but the court admitted the deed.

The plaintiff then offered testimony tending to prove that the said decree of foreclosure was obtained for a sum much larger than the real sum due, by collusion between Farmery Hemenway and Edward Hemenway, administrator of Vashni Hemenway. This was objected to by the defendant, without showing that they had notice of the fact, but admitted by the court.

ADDISON,
January,
1838.

Converse
v.
Searls.

The plaintiff also offered testimony tending to show that large sums had been paid by Farmery Hemenway after the decree of foreclosure to apply on the mortgage, and that, at the time of the sale from Farmery to Jonas, the latter retained of the purchase money a considerable sum to pay the several incumbrances, including the plaintiff's mortgage, and, in consideration thereof, undertook to pay the amount due to the plaintiff. This was objected to by the defendant without showing notice to him, but admitted by the court.

The plaintiff also offered testimony tending to show that Jonas Hemenway, when he purchased of Farmery, agreed to clear off the mortgage, and that he procured the deed of release from the heirs of Vashni. This was objected to by defendant but admitted by the court.

The defendant then offered testimony tending to prove that, at the time of his purchase of the premises from Farmery, the said Farmery represented that the said Vashni Hemenway mortgage was paid up within one or two hundred dollars, and that any contract he might have entered into with the said Farmery in relation to the clearing said mortgages, was avoided by the fraud of the said Farmery; but this testimony was rejected by the court.

Verdict for the plaintiff, except for the land contained in the deed from Samuel Cook and Samuel Cook, jr. to Stevens and Searls, dated October 2d, 1835, which was relinquished by plaintiff.

To these several decisions of the County Court the defendant excepted.

C. Linsley, for defendant.

1. The deed from Rebecca Hapgood and her husband was inadmissible. The mortgage of Vashni Hemenway having been foreclosed, and the title having become absolute by the decree in chancery, it constituted an apparently perfect title, and the present defendant being a *bona fide* pur-

ADDISON,
January,
1838.
─────
Converse
v.
Searls.

chaser, in possession, claiming title independent of and para-. mount to the lien of Rebecca Hapgood, the conveyance by her and her husband is within the letter of the law.

. It is not material how the title was procured to defendant, from Vashni Hemenway's heirs. If, at the time of obtaining it, it was an apparently independent title, then the defendants claimed by a title adverse to the plaintiff.

2. The title being apparently good in Vashni Hemenway's heirs, in order to defeat a *bona fide* purchaser, it is necessary for Rebecca Hapgood, or those claiming under her, to get the decree vacated.

*H. Seymour*, for plaintiff.

This case is the same as that of *Converse v. Cook and others*, 8 Vt. R. 164. The same questions were presented in this case as in that, and the same facts shown on the trial, except the fact and the question raised in relation to the assignment of Rebecca Hapgood's mortgage, &c. to plaintiff.

The defendants were in possession, under Jonas Hemenway, and held the premises subject to Rebecca Hapgood's mortgage, to the same extent and in the same manner that Jonas did.

The defendant can set up no claim, nor make any defence against Rebecca Hapgood's mortgage, that Jonas could not make.

The possession of the defendant was not adverse to the title under which the plaintiff claims, but was from the same title. The assignment of a mortgage does not come within the statute of 1807. *Reed v. Shepley*, 6 Vt. R. 602. 1 Swift's Dig. 121, *Leonard v. Bosworth*, 4 Conn. R. 421. *Wolcot v. Knight*, 6 Mass. R. 418. *Brinley v. Whitney*, 5 Pick. R. 348.

The opinion of the Court was delivered by

ROYCE, J.—The argument has very properly been confined to a single point, since the case cited, of *Converse v. Cook and others*, 8 Vt. R. 164, covers every other ground of importance.

It is insisted that the deed of assignment from Rebecca Hapgood and her husband to the plaintiff was void under the statute of 1807, because, at the time of its execution, the defendant was in possession, claiming the land in his own right, and adversely to those grantors. The operation

and effect of the several conveyances read in evidence were considered and settled in the case referred to. And it results from that decision, that the defendant held subject to the right of Rebecca Hapgood and her husband, as mortgagees ; that his supposed title, derived from the heirs of Vashni Hemenway, furnished him no protection against that right; but that he stood in the place of Farmery Hemenway, the original mortgagor. Under these circumstances the possession of neither party could prevent the other from transferring his interest to a third person. The possession of the mortgagee has been held to be no obstacle to a conveyance by the mortgagor of his equity of redemption, nor can that of the mortgagor prevent a valid assignment of the mortgage. The latter proposition is not only established by constant and universal practice, but appears to result from the very nature of a mortgage. So long as the right of redemption continues, the interest of the mortgagee in the mortgaged premises is but a collateral security for his debt. As such, it is regarded as an incident to the debt, which is the main subject of assignment. Now it is manifestly foreign to the purpose of the statute to restrain the transfer of such a debt ; and although a formal conveyance may be requisite to pass the mortgagee's legal title in the pledge, it is but the execution of a trust, which a court of equity, in the absence of proof showing a different agreement, will always imply in favor of the assignee of the debt.

Judgment of the county court affirmed.