## LOWBER *a.* KELLY.

*New York Superior Court; Special Term, December,* 1861.

LAND HELD ADVERSELY.—VOID DEED.—STATUTE OF MAINTE-
NANCE.—PARTIES.

The grantee of land held adversely to the grantor, cannot maintain an action upon
the deed against the person thus holding adversely, even though such grantee
had no knowledge of the adverse possession.

Where L. received from W. a deed of land which was held adversely by K., and,
on W.'s refusal to bring ejectment, L. commenced an action against K. and W.
to establish W.'s legal, and L.'s equitable title, W. not defending,—*Held,* that
the action could not be maintained against K.

Demurrer to the complaint.

This action was brought by Elizabeth G. Lowber against
William Kelly and Gabriel Winter. It appeared from the
complaint that Winter had conveyed to plaintiff certain land
in New York city, of which Winter was the owner in fee, but
of which Kelly was in possession. The substance of the com-
plaint sufficiently appears from the opinion. The demand for
judgment was as follows:

"Wherefore the plaintiff prays for a judgment of this court,
declaring and adjudging that as between the defendants, Wil-
liam Kelly and Gabriel Winter, the title to said property in fee-
simple, is vested in the said Winter, and that he is entitled to
the possession thereof; and that, as between the said defendant
Gabriel Winter and this plaintiff, the title to said property
in fee-simple is vested in said plaintiff, and that the said de-
fendant, William Kelly, surrender to the plaintiff the possession
of said premises, and pay her the said sum of two thousand dol-
lars for the withholding of the same, and for such other and
further relief as the court may see fit to grant."

Winter did not answer or demur. Kelly demurred on the
grounds—1. That the complaint did not state facts sufficient to
constitute a cause of action against him. 2. That there was a

Lowber *a.* Kelly.

defect of parties-defendant. 3. That several causes of action had been improperly united.

*David P. Hall,* in support of the demurrer.—I. The suit is for possession and the demurrer is well taken, because it appears by the complaint, that the defendant Gabriel Winter was out of possession of the premises described in the complaint, at the time of his grant to the plaintiff, and that the defendant William Kelly was then in possession of said premises, claiming under a title adverse to that of the plaintiff. The grant was, therefore, void under the statute of maintenance. (1 *Rev. Stat.,* 739, §§ 147, 148.)

II. The demurrer is well taken, because several causes of action are united in one complaint, a part against Kelly, and a part against Winter; the action is, in fact, an experiment to ascertain if in one suit the plaintiff can obtain judgment declaring that Winter owns the premises in fee, and is entitled to possession thereof, as against Kelly, and that the plaintiff owns and is so entitled as against Winter, and therefore may recover against Kelly in equity, although it is tacitly admitted that Lowber, the plaintiff, must fail in her action if Winter were not a party. This cannot be done; first, because it makes the complaint multifarious; second, because there is a misjoinder of parties-defendant: one having an interest, and the other having no interest in the premises in controversy. The complaint must show that each person named as defendant has or claims an interest in the matter in controversy. (Pinckney *a.* Wallace, 1 *Abbotts' Pr.,* 82.)

III. The complaint does not state facts sufficient to constitute a cause of action, because it fails to state, that Gabriel Winter, the plaintiff's grantor, was possessed of the premises granted at the time of his grant to the plaintiff, and fails to state that he ever was possessed of said premises.

IV. The plaintiff's complaint does not state facts sufficient to constitute a cause of action against the defendant Winter, because the plaintiff, by taking a deed which the statute declares to be void, and which confers upon the plaintiff no right, as against Kelly, did not acquire thereby any equity which entitles her to require the defendant Winter, on being indemnified, to bring a suit to recover the possession of the premises for her, nor (on his refusing to do so) to maintain a suit against Kelly and

Winter in her own name, to recover possession of the premises as against Kelly. Hence there was here a palpable misjoinder of parties defendant—the provisions of the Code not warranting the making Winter a party, for the purpose claimed in the complaint. (Denio, J., in Child *a.* Chappell, 9 *N. Y.* (5 *Seld.*), 259; Pinckney *a.* Wallace, 1 *Abbotts' Pr.*, 82.) Here the defendant, Gabriel Winter, never was the actual occupant of the premises, nor was he in possession of the same at the time of the grant; neither does it appear that he has, or that he claims to have, any interest in the matter in controversy.

*James H. Coleman* and *Ira Shafer*, opposed.—I. There is no pretence that this is an action at law against Kelly, founded upon the conveyance from Winter to the plaintiff, and hence the cases which hold the familiar doctrine that a grant of lands is void, if, at the time of the delivery of the grant, the lands are in the actual possession of a third person claiming under a title adverse to that of the grantor, are not controlling. These cases would be fatal to the plaintiff's action, if it were an action at law between the plaintiff and the defendant Kelly. But such is not the case, nor is such the theory upon which this action proceeds. It is conceded by the demurrer, that as between Winter and Kelly, that the former is the owner in fee of the premises in question and entitled to the possession thereof, and that the latter has neither the fee nor the right to the possession, and, therefore, wrongfully holds the same. That Winter, as against Kelly, is the legal and equitable owner of the premises, and is legally and equitably entitled to the possession of the same; that as between the plaintiff and Winter, in virtue of the conveyance from the latter to the former, that the former is the lawful and equitable owner of the lands sought to be recovered, and is entitled to the possession of the same. Thus it will be observed that we have it established that Winter is seized in law of the premises as against Kelly, and that the plaintiff is seized in law as against Winter. Kelly is without title and wrongfully in possession; Winter as against Kelly has the fee and is entitled to the possession; the plaintiff as against Winter is seized in fee and rightfully should be in possession. It is submitted that the legal right and the equitable right are united in the plaintiff. The defendant Winter makes default, and therefore must

be regarded as assenting to the relief prayed for. It is no objection for Kelly to interpose, that the conveyance from Winter to the plaintiff may be, for aught that appears, a quit claim. Winter might have answered any facts showing that, in equity, the plaintiff was not entitled to any relief as against him, but he is content. It is believed that it is entirely immaterial by what kind of conveyance the plaintiff has the title, so long as it is lawful. The fact that the plaintiff fails to aver want of knowledge of Kelly's possession does not affect her rights. The grantor is supposed to know the situation of the lands he sells, but not so with the grantee. (Williams *a.* Jackson, 5 *Johns.*, 489, 500.)

II. The plaintiff's right to the relief demanded is sustained by authority. "The statute of maintenance has come to be considered with a good deal of disfavor," and the same may be said of the statute relied upon by the defendant. (Humbert *a.* Trinity Church, 24 *Wend.*, 587, 611; Hoyt *a.* Thompson, 5 *N. Y.* (1 *Seld.*), 320, 347; Sedgwick *a.* Stanton, 14 *N. Y.* (4 *Kern.*), 289.) The law as to maintenance and champerty is not in force in this State, except as contained in our statutes. (*Ib.*) "No reason exists for giving the champerty act a liberal or enlarged construction; it is the relic of an ancient policy which has been treated with but little favor by either legislatures or courts in modern times." (Crary *a.* Goodman, 22 *N. Y.*, 170, 177.) The maxim that there is no "wrong without a remedy," means, in one sense, "the means given by the law for the recovery of a right," and "whenever the law gives any thing it gives a remedy for the same." (3 *Bl. Com.*, 123; *Brooms' Leg. Max.*, 146, 147.) The remedy that the plaintiff seeks has been recognized and adjudged from an early day, in several cases in this State, and in Massachusetts. (Jackson *a.* Vredenbergh, 1 *Johns.*, 159; Jackson *a.* Brinkerhoff, 3 *Johns. Cas.*, 101; Williams *a.* Jackson, 5 *Johns.*, 489, 499; Jackson *a.* Leggett, 7 *Wend.*, 377; Livingston *a.* Proseus, 2 *Hill*, 526; 4 *Kent's Com.*, 487, 7 ed.; Wolcot *a.* Knight, 6 *Mass.*, 418; Brinley *a.* Whiting, 5 *Pick.*, 348.) The title is not extinguished, but remains in the grantor, who recovers for the benefit of the grantee. (Livingston *a.* Proseus, 2 *Hill*, 526, 529.) Recovery was accomplished under the old practice in a case like this, by inserting "counts in the declaration, on the title of the

grantor and the grantee, so that if the suit failed as to the one, it might succeed as to the other." (Livingston a. Proseus, 2 *Hill*, 526, 530; 2 *Burr. Pr.*, 314; Ely a. Ballantine, 7 *Wend.*, 470; *Adams' Eject.*, 188.) While it was proper before and after the adoption of the Revised Statutes to count upon demises from different lessors, and claim and recover on different titles, and to insert in the declaration as many counts as the plaintiff pleases, yet there is no such practice authorized by the Code. (St. John a. Pierce, 22 *Barb.*, 362.) While the Revised Statutes abolished the use of fictitious names of plaintiffs and defendants, and of the names of any others than the real claimants and defendants, yet the declaration might contain several counts, and several parties might be named as plaintiffs, jointly in one count and separately in others. (2 *Rev. Stat.*, 304, § 6; Ely a. Ballantine, 7 *Wend.*, 470.) And if the plaintiff, under the old practice, had made Winter one of the lessors without his permission, his name would not have been stricken out of the declaration on his motion. (*Adams' Eject.*, 188, 189; Ely a. Ballantine, 7 *Wend.*, 470; Doe a. Figgins, 3 *Taunt.*, 440.) Thus it will be seen that before the Code and under the law as it existed before the Revised Statutes, and according to the then provisions, the plaintiff would have had an adequate remedy and could have successfully maintained the action. The action is brought, according to the provisions of the Code, by the plaintiff, who is " the real party in interest." (*Code*, § 111.) Winter is joined as a defendant in the action as " a necessary party to a complete determination or settlement of the questions involved therein." (*Code*, § 118.) And " the court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in." (*Code*, § 122.) The plaintiff cannot compel Winter to sue. If the action were to be brought in his name, it might be doubtful whether it could be maintained, inasmuch as he is not " the real party in interest." If section 455 of the Code does not enable the plaintiff to avail herself of the provisions of the Revised Statutes, as has been adjudged, then the Code must furnish a remedy, or she is without any, although the distinction between legal and

equitable remedies has been abolished and both may be pursued in one action. (St. John *a.* Pierce, 22 *Barb.*, 362; Dobson *a.* Pearce, 12 *N. Y.* (2 *Kern.*), 156.)

III. The law has no such tender regard for a wrong-doer,— a trespasser as Kelly confesses himself to be,—as to enable him to raise objections that Winter does not raise, but expressly waives by making default, and which Winter could not raise because of the estoppel created by his deed. (4 *Com. Dig.*, 76, 81, (A.) (D).) " But as between the parties to the deed, it might operate by way of estoppel and bar the grantor." (4 *Kent's Com.*, 487, 7 ed. ; Jackson *a.* Demont, 9 *Johns.*, 55 ; Livingston *a.* Peru Iron Co., 9 *Wend.*, 511, 516 ; Van Hoesen *a.* Benham, 15 *Ib.*, 164.) Winter cannot claim as against his own deed, whether it is an estoppel or not. (Jackson *a.* Bull, 1 *Johns. Cas.*, 81, 90 ; Jackson *a.* Stevens, 16 *Ib.*, 110, 115.) A quit-claim deed passes all the title of the grantor *in esse* as well as a warranty-deed. The latter conveyance, by way of estoppel to prevent circuity of action, passes a subsequently acquired title of the grantor. (Jackson *a.* Wright, 14 *Johns.*, 193 ; Jackson *a.* Hubble, 1 *Cow.*, 613, 617.)

IV. What the grantee accomplished before the Code indirectly, and by means of a legal fiction in a case like the present, we seek to accomplish directly by a statement of the facts of the case as they exist. Every action now is emphatically an action on the case, and before the Code, upon the facts stated in our complaint, the plaintiff would have recovered. " If the doctrine contended for by the counsel for the defendant is to prevail, a person who is in possession of land without title may hold it forever." (Williams *a.* Jackson, 5 *Johns.*, 489.)

BOSWORTH, Ch. J.—One ground of demurrer is, that the complaint does not state facts sufficient to constitute a cause of action. The action is brought to recover possession of certain real estate described in the complaint.

The defendant Kelly insists that the complaint shows, that at the time of the delivery of the deed to the plaintiff, under which she claims title and a right to immediate possession, Kelly was in the actual possession of the land in question, under a claim of title adverse to that of the plaintiff's grantor. The plaintiff insists that the complaint does not show that

Kelly was in the possession of the land at the time of the conveyance to her, but only that he now claims that such was the fact.

If the plaintiff's whole right to recover is based on a deed to her, which was executed and delivered at a time when the lands were actually possessed by Kelly under a claim of title adverse to that of the plaintiff's grantor, she cannot recover in this action. Such a deed is absolutely void as to the defendant Kelly, and would convey no rights, as against him. (1 *Rev. Stat.*, 739, § 147; Burhans *a.* Burhans, 2 *Barb. Ch.*, 398; Jackson *a.* Demont, 9 *Johns.*, 55; Jackson *a.* Oltiz, 8 *Wend.*, 440; Cole *a.* Irvine, 6 *Hill*, 634.) The grantee in such a deed cannot maintain an action upon it against the person thus holding adversely or those succeeding to his rights, whether knowledge of the adverse possession was brought home to her or not, although as against all the rest of the world, the deed is valid, and passes the title from the grantor to the grantee. (Livingston *a.* Proseus, 2 *Hill*, 526; Keneda *a.* Gardner, 4 *Ib.*, 469; *Wil. Real Est.*, 360, 361.)

The complaint states that on the 17th January, 1848, one Gabriel H. Winter was "the owner in fee" of the land in question; that he "continued to own and hold said premises in fee-simple down to the 20th day of June, 1848, when he died, leaving him surviving, the defendant, Gabriel Winter, sole and only heir at law."

That Gabriel Winter having thus "become the owner in fee" of the said real estate, continued to be such owner down to the 14th of September, 1860, on which day "he duly executed, under his hand and seal, and acknowledged and delivered to the plaintiff his certain deed in writing, whereby the said Winter granted and conveyed to the plaintiff, to hold to her and her heirs forever, the real estate" in question; that the plaintiff has not conveyed, or in any way parted with, any right or interest acquired by virtue of said conveyance, and "she now claims to be the owner, in fee-simple, of said premises, and is entitled to the exclusive possession and enjoyment thereof."

That Kelly "now claims and insists, that at the time of the execution and delivery to the plaintiff, of the aforesaid conveyance and of the grant of the premises therein referred to, such premises were in his actual possession, and that he then claimed

said lands under a title adverse to that of the said defendant, Gabriel Winter, the grantor of the plaintiff."

That the plaintiff " was, at the time of the execution and delivery of the aforesaid conveyance, entirely ignorant, and was not informed, nor had she any knowledge or intimation of any kind, till long thereafter, that said defendant, William Kelly, claimed such premises under a title adverse to that of the said defendant, Gabriel Winter.

" That she has often, subsequent to the delivery to her of the conveyance aforesaid, requested the said defendant, Kelly, who then was, ever since has been, and still is, in possession of said premises, to deliver up to her the possession thereof, but that he has utterly refused to comply with said request."

The complaint further alleges that the plaintiff, since the delivery of the deed to her, " has applied to the defendant, Gabriel Winter, for leave to commence an action in his name . . . . for the purpose of evicting him, the defendant Kelly, from the aforesaid premises, and offered to indemnify said Winter against the payment of any costs, and that said Winter has failed and refused to comply with this request, and she is advised and insists that the said . . . . Winter is a necessary party to a complete determination or settlement of the questions involved in this suit."

That by reason of the non-delivery of possession to her, she has sustained damages to the amount of two thousand dollars.

It prays for a judgment, " that as between the defendants William Kelly and Gabriel Winter the title to said property in fee-simple is vested in the said Winter, and that he is entitled to the possession thereof; and that as between the said defendant Gabriel Winter, and the plaintiff, the title to said property in fee-simple is vested in said plaintiff; and that the said defendant William Kelly surrender to the plaintiff the possession of said premises, and pay her the said sum of two thousand dollars for the withholding of the same, and for such other and further relief as the court may see fit to grant."

It will be observed that the plaintiff does not deny that Kelly was in possession claiming under a title adverse to that of her grantor, at the time of the grant to her. She avers that she did not then know that he so claimed, but does not aver that he did not, in fact, then so claim; nor does she aver that she did not

then know that he was in the actual possession of the property at that time.

I think that the words "then was," contained in her allegation of her having requested Kelly to deliver to her the possession of the property, refer, and were intended to refer to the time of the delivery of the deed to her, under which she claims.

On no other theory is there any apology for the averments that she had requested Winter to allow her to sue in his own name. Such a request would be unintelligible except upon the ground that her deed gave her no rights as against Kelly. And the presence of Winter, as a party to this suit, has no apology, except upon the theory that the complaint shows, and was intended to show, that, at the time of the delivery of the deed from him to the plaintiff, Kelly was in the actual possession claiming under a title adverse to that of Winter. On that theory what the prayer of the complaint means can be understood, but on no other. That is framed on the idea, that on the facts stated, Winter had the actual title, but that the deed he gave to the plaintiff was ineffectual to transfer it, and is void as to Kelly—but that as between the plaintiff and Winter she has succeeded to his rights.

And the action is an experiment to ascertain if, in one suit, and that brought by her as the plaintiff, she can obtain a judgment declaring that Winter owns in fee and is entitled to possession as against Kelly ; and that the plaintiff owns and is so entitled as against Winter, and therefore she may recover against Kelly as a logical sequence and strict equity, although she must fail in her action if Winter were not a party.

I construe the complaint as showing that at the time Winter conveyed to the plaintiff, Kelly was in the actual possession of the lands granted under a claim of title adverse to that of her grantor. The deed to the plaintiff was absolutely void as to Kelly ; Winter might have executed a mortgage of the lands, but even that would only bind the lands from the time the possession thereof should be recovered by Winter or his representatives. (1 *Rev. Stat.*, 739, §§ 147, 148.) The object of the revisors in recommending permission to mortgage, in such cases, is stated in 3 Rev. Stat., 2d ed., 596, § 185. It was no part of that object to allow the mortgagee to bring a suit of any kind, as such mortgagee, until after his mortgagor or the representatives of the lat-

ter had recovered possession of the premises, for until that event has occurred the mortgage is not to bind the lands.

I cannot think that the plaintiff, by taking a deed which the statute declares to be void, and which confers upon her no right as against Kelly, thereby acquires an equity which entitles her to require her grantor, on being indemnified, to bring a suit to recover possession, or, on his refusing to do that, maintain a suit in her own name (to effect that object) against Kelly and her grantor. And besides all this, her deed for aught that appears is merely a quit-claim deed, without other consideration which can be presumed, than such as is sufficient to make it operative as a conveyance, as between her and her grantor.

I think the demurrer is well taken, and that the defendant Kelly is entitled to judgment. It does not appear to me that leave should be given to amend the complaint. If there be any cause for granting such liberty, it may be shown on settling the order or judgment to be entered herein, which will be settled on three days' notice to the adverse party.