E. May De Garmo, Appellant, *v.* George W. Phelps et al., Respondents.

Champerty — When Purchase-Money Mortgage not Champertous. Judicial sales are not within the condemnation of the Statute of Champerty (1 R. S. 739, §§ 147, 148; Real Property Law, 1895, ch. 547, § 225); a purchaser of land sold under a decree in a foreclosure action acquires a perfect title, although at the time the premises are in the actual possession of one claiming title thereto under a tax deed; a mortgage executed by him on the same day to the plaintiff to secure a part of the purchase price is not void under the statute since the deed and the mortgage take effect at the same instant, constituting but one act, and the mortgagee, to the extent of his mortgaged interest, whether it be considered a lien or a conditional estate, must be regarded as much a purchaser at the judicial sale as the mortgagor, and acquires the title not from him but through him as a mere conduit; the assignee of such purchase-money mortgage who forecloses it and bids in the premises acquires the title thereto and may maintain an action of ejectment for their recovery.

*De Garmo* v. *Phelps*, 64 App. Div. 591, reversed.

(Argued October 26, 1903; decided November 24, 1903.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 28, 1901, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles F. Tabor* for appellant. The conveyance to Inglehart and eventually to this plaintiff was not within the inhibition of the statute which provides that " every grant of land shall be absolutely void if at the time of the delivery thereof such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor." (1 R. S. 739, § 147; *Hendricks* v. *Andrews,* 7 Wend. 152; *Livingston* v. *P. I. Co.,* 9 Wend. 512; *Moody* v. *Moody,* 16 Hun, 191; *Cary* v. *Goodman,* 22 N. Y. 170; *Fish* v. *Fish,* 39 Barb. 512; *Tyler* v. *Heldon,* 46 Barb. 439; *Webb* v. *Bindon,* 21

Wend. 99; *Preston* v. *Hunt*, 7 Wend. 53; *Zink* v. *McManus*, 121 N. Y. 265.) The plaintiff obtained her title by the decree and judgment of the Supreme Court, and the Champerty Act does not prohibit the sale by judicial decree. (*Hoyt* v. *Thompson*, 5 N. Y. 320; *Truax* v. *Thorn*, 2 Barb. 156; *Tuttle* v. *Jackson*, 6 Wend. 224; *Stevens* v. *Hauser*, 39 N. Y. 306; *Smith* v. *Scholtz*, 68 N. Y. 53; *Coleman* v. *M. B. I. Co.*, 94 N. Y. 234; *Sandiford* v. *Frost*, 9 App. Div. 57; *O'Toole* v. *Garvin*, 1 Hun, 95; *Ten Eyck* v. *Witbeck*, 55 App. Div. 165; 170 N. Y. 564.)

*John F. Connor* for respondents. The deed to Inglehart, dated May 22, 1893, was void as against the defendant George W. Phelps, as he was in actual possession of the premises, claiming the same under title adverse to Inglehart and his grantors. (L. 1896, ch. 547, § 225; *Becker* v. *Howard*, 66 N. Y. 5; *Chard* v. *Holt*, 136 N. Y. 30.) Assuming that the deed given to Inglehart was valid because it was given in a judicial proceeding, there can be no question but that the mortgage given by him May 22, 1893, and through which the plaintiff claims title, was void. (L. 1896, ch. 547, § 225; *Lowber* v. *Kelley*, 17 Abb. Pr. 452; 6 Bosw. 492; *Becker* v. *Howard*, 66 N. Y. 5; *Chard* v. *Holt*, 136 N. Y. 30.)

Cullen, J. The action is in ejectment for the recovery of a piece of land in the village of Nunda, county of Livingston. Under the findings of the trial court there is but a single question presented to us on this appeal. The plaintiff traced her title from one Robert Girven, concededly the owner and in possession of the premises, who, on April 25th, 1889, mortgaged the property to one James H. Carmichael. The mortgage was subsequently assigned to Annie E. Volger, and default having been made in its payment it was foreclosed by action. At the sale made under the judgment in said action the lands were sold and conveyed to Fred. M. Inglehart, who on the same day executed to said Volger a mortgage to secure $1,000 of the purchase money. Mrs. Volger subsequently

assigned her mortgage to the plaintiff, who, default having been made in its payment, brought an action to foreclose the same.  Under the judgment in that action Mrs. De Garmo, the plaintiff therein, purchased the mortgaged lands.  In October, 1892, intermediate the execution of the mortgage from Girven to Carmichael and the sale under the judgment for the foreclosure of said mortgage, the defendant entered into possession of the premises, claiming title under deed executed by the county treasurer of Livingston county for non-payment of taxes, and has remained ever since in possession, claiming in hostility to the plaintiff and her predecessors in title.  The trial court held that such adverse possession defeated the plaintiff's title under the provisions of the statute (1 R. S. p. 739, secs. 147, 148; Real Property Law, chap. 547, Laws of 1896, § 225), which provide that "every grant of lands shall be absolutely void, if at the time of the delivery thereof, such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor.  But every person having a just title to lands, of which there shall be an adverse possession, may execute a mortgage on such lands; and such mortgage, if duly recorded, shall bind the lands from the time the possession thereof shall be recovered by the mortgagor or his representatives."

That judicial sales do not fall within the condemnation of these statutory provisions has been settled law from a very early time in the history of this state.  (*Tuttle* v. *Jackson*, 6 Wend. 213; *Hoyt* v. *Thompson*, 5 N. Y. 320; *Stevens* v. *Hauser*, 39 N. Y. 302; *Coleman* v. *Manhattan Beach Impr. Co.*, 94 N. Y. 229.)  Therefore, neither of the deeds made in pursuance of the judgments of foreclosure and sale was void.  The statute does not assume to deal with assignments of mortgages, and in the only case that I can find in which the question was presented a similar statute was held inapplicable to such transfers.  (*Converse* v. *Searls*, 10 Vt. 578.)  Inglehart, therefore, by his purchase at the sale in the first foreclosure suit, acquired a perfect title, and the only doubtful link in the plaintiff's chain of title is the mortgage which Inglehart gave back to the

plaintiff in the foreclosure suit to secure part of the purchase money. I concede that, though Inglehart's title was perfect, the statute rendered any voluntary conveyance by him, while the lands were in adverse possession by another party, void; and while the statute authorized him to mortgage his lands, I assume that the effect of the provision that the mortgage shall bind the lands from the time the possession thereof is recovered by the mortgagor is to exclude such operation until possession is so recovered, which in this case never occurred. Hence, if the mortgage from Inglehart to Mrs. Volger, under the foreclosure of which the present plaintiff claims, had been given for any other purpose than to secure the purchase money, I am inclined to the view that the plaintiff's title would fail. But there is a marked distinction between a purchase-money mortgage and any other. In the case of such a mortgage dower does not attach as against the mortgage, nor do existing judgments or claims against the mortgagor obtain priority over it. This is the rule in this state by statute; but the statute is only declaratory of the rule of law existing before it was enacted (*Mills* v. *Van Voorhies*, 20 N. Y. 412), and the same rule obtains in states where there are no statutes on the subject. (1 Jones on Mortgages, § 468.) Now, the ground on which this rule rests is not the superior equity of the holder of a lien for the purchase money, but the theory that the conveyance and mortgage, whether the latter be to the grantor or to a third party, are but separate parts of a single entire contract. In *Holbrook* v. *Finney* (4 Mass. 566) a wife was held not entitled to dower in lands conveyed to her husband by his father and simultaneously mortgaged by the son to the father. It was there said: "In the case at bar the execution of the two deeds, they being of even date, was done at the same instant and constitutes but one act." This dictum was quoted with approval by Chief Justice Spencer in *Stow* v. *Tifft* (15 Johns. 458), saying: "Where a deed is given by the vendor of an estate, who takes back a mortgage to secure the purchase money, at the same time that he executes the deed, the

deed and the mortgage are to be considered as parts of the same contract, as taking effect at the same instant, and as constituting but one act." In *Clark* v. *Munroe* (14 Mass. 351) the doctrine of *Holbrook* v. *Finney* was applied in favor of a third party who advanced a portion of the purchase money, to secure which he received a mortgage. "A deed and purchase-money mortgage, given at the same time, are to be construed together as forming one instrument or contract." (*Rawson* v. *Lampman*, 5 N. Y. 456.) In *Curtis* v. *Root* (20 Ill. 53) Chief Judge CATON said : "The execution of the deed and of the mortgage being simultaneous acts, the title to the land does not for a single moment rest in the purchaser, but merely passes through his hands and vests in the mortgagee without stopping at all in the purchaser, and during such instantaneous passage the judgment lien cannot attach to the title. This is the reason assigned by the books, why the mortgage takes precedence of the judgment rather than any supposed equity which the vendor might be supposed to have for the purchase money." In that case the mortgagee was not the grantor, but a third party. If the doctrine of these cases be sound, it seems to me that Mrs. Volger, to the extent of her mortgage interest, whether it be considered a lien or a conditional estate, was just as much a purchaser at the judicial sale had under the decree as was Inglehart, the mortgagor, and that she acquired her title from the court, not from Inglehart, but merely through Inglehart as a conduit. It was her money that went to satisfy the decree and she was the plaintiff in the foreclosure suit, and, if necessary, it might be well held that the new mortgage was a mere extension *pro tanto* of the old mortgage under foreclosure. The mortgage to her, therefore, did not fall within the statute.

The judgment appealed from should be reversed and a new trial granted, costs to abide the event.

GRAY, J. (dissenting). I think that the judgment below is right and that it should be affirmed by us. The effect of the unanimous affirmance is to establish conclusively, upon this

review, the fact that, prior to and at the time of Inglehart's purchase at the judicial sale, the defendant Phelps was in actual possession of the land and that he was claiming it under a title adverse to that of Inglehart, or of his predecessor in title. The validity of the county treasurer's deed, through which he claims, is not an issue to be tried. Whether a party, who claims by right of adverse possession, has a rightful title is not an essential fact. · That fact is not the issue in such an action, where the defense is that the plaintiff's title rests upon a champertous conveyance. The very object of the statute, which was founded on a common-law principle, was to prevent a party out of possession from transferring his right to litigate for the recovery of possession. (*Sands* v. *Hughes*, 53 N. Y. 295, 297.) Under the statute, an adverse possession of a single day, whether known, or unknown, to the grantor, had been held to avoid the conveyance. (*Crary* v. *Goodman*, 22 N. Y. 170.) Indeed, so strict was the application of the law, that the purchaser of land in the possession of a third party, only, escaped a penalty, imposed in the early legislation of this state, upon establishing that he had no knowledge of the fact. (*Teele* v. *Fonda*, 7 John. 251; *Preston* v. *Hunt*, 7 Wend. 53.)

If the inhibition of the statute applies to plaintiff's case, then it is only necessary that the defendant should have had color of title, with an actual possession. The Revised Statutes, in force at the time of Inglehart's transaction, provided that " Every grant of lands shall be absolutely void, if, at the time of the delivery thereof, such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor " and that " every person having a just title to lands, of which there shall be an adverse possession, may execute a mortgage on such lands; and such mortgage, if duly recorded, shall bind the lands from the time the possession thereof shall be recovered, by the mortgagor or his representatives." (1 R. S. 739, §§ 147, 148.) The present Real Property Law preserves a similar provision. (Laws of 1896, ch. 547, § 225.) The conveyance to Inglehart by the judicial

officer, upon his purchase at the judicial sale, was not within the inhibition of the statute; because, being a judicial sale, the statute could have no application and this was always so held. (See 4 Kent's Com. 447; Coke's Litt. 214a; *Tuttle* v. *Jackson*, 6 Wend. 224; *Truax* v. *Thorn*, 2 Barb, 156; *Stevens* v. *Hauser*, 39 N. Y. 302; *Coleman* v. *Manhattan Beach Impr. Co.*, 94 ib. 229.)

While, therefore, the deed to Inglehart was not within the purview of the statute, the mortgage, which he executed to a third person, in order to procure a portion of the purchase money which he was to pay, came, clearly, within the statutory inhibition, and that was the position taken by the respondent, Phelps, upon his motion to dismiss the complaint at the close of plaintiff's case. The mortgage by Inglehart was a grant of land, then in Phelps' actual possession, to secure the performance of the promise to pay a sum of money. A mortgage is a deed with a condition, (90 N. Y. 618), and it is evident that the legislature thus regarded a mortgage; for, in the statute, it was made the subject of an exception and allowed effect, but only upon the mortgagor's recovering the possession of the land. It makes no difference that this mortgage is regarded as a purchase-money mortgage; which, upon an equitable doctrine, is given a certain priority of lien. It was, nevertheless, a grant of land with a defeasance clause, made at a time when the land affected was in the actual possession of one, who held adversely under color of title. The statute is imperative in its declaration as to the invalidity of such grants and the exception in favor of mortgages, only, makes them binding upon the land, when its possession is recovered by the mortgagor, or his representatives. That was Inglehart's position; such was that of his mortgagee and, of course, such is that of the plaintiff; who foreclosed the mortgage and purchased at the sale. If Inglehart had simply deeded the land purchased, no doubt could arise as to its being void and may we hold that a mortgage, given to a third person to procure a portion of the money payable upon the mortgagor's purchase of the premises, is excepted? That the statute was

not aimed at judicial sales is evident enough; for it would only be a transaction between private persons that could involve the sale and purchase of a pretended title and a transfer of a right to sue for the recovery of land. It was not any judicial legislation, by which purchasers at judicial sales were excepted from the operation of the statute; it was because the facts would not permit of it. But it is judicial legislation for the court to hold, in the face of the statutory provisions, that a purchase-money mortgage, made to a third person, was excepted.

In my opinion, Inglehart's mortgagee obtained no title, nor interest, in or to, nor lien upon, the land then held by Phelps in actual adverse possession and, consequently, the foreclosure proceedings, through which this plaintiff became a purchaser thereof and to which Phelps was a stranger, were without effect upon his interests.

PARKER, Ch. J., O'BRIEN and MARTIN, JJ., concur with CULLEN, J.; WERNER, J., concurs with GRAY, J.; HAIGHT, J., not voting.

Judgment reversed, etc.