### HOPKINS et al. v. BAKER et al.

(Supreme Court, Appellate Division, First Department. November 4, 1910,)

CHAMPERTY AND MAINTENANCE (§ 7*)—MORTGAGE OF LAND OUT OF POSSESSION.
Under Real Property Law (Laws 1896, c. 547) § 225, making void grants of land held adversely, and providing that a mortgage by one out of possession is binding from recovery of the land, no action can be maintained on a mortgage by one out of possession; the mortgagee being required to either sue on the bond, or, if he desires to enforce his rights on the land, wait until the mortgagor recovers possession.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 54–110; Dec. Dig. § 7.*]

Ingraham, P. J., and Miller, J., dissenting.

Appeal from Special Term, New York County.

Action by Eustis L. Hopkins and another as executors against Sarah V. Baker and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Richard O'Gorman, for appellants.
Samuel W. Weiss, for respondents.

DOWLING, J. This action is brought to foreclose a mortgage made by defendant Sarah V. Baker to John Haven, now deceased, to

secure payment of the sum of $2,000, with interest, being a purchase-money mortgage covering premises situate in the city of New York and distinguished as lot No. 240 upon a map entitled:

"Map of 40 acres of land situated in the 12th Ward of the City of New York, part of the estate of Isaac Dykman, deceased, known as the part 2nd of the Dykman Homestead Property."

While the mortgage purports to cover "all the right, title, interest, and estate which Isaac Dykman had in his life time" in and to the property in question, it is not questioned that this right, title, interest, and estate was claimed to be the fee to this irregularly shaped parcel of land, as to the title to which there had been for many years a controversy between Dykman and Chesebrough, and this plot was the debatable ground between their undisputed boundary lines. The defense in this action was champerty.

The mortgage sued upon was executed November 19, 1904. Prior thereto, and on April 26, 1899, Charles A. Chesebrough individually and as sole surviving trustee under the last will and testament of Margaret Chesebrough, and Elizabeth Chesebrough, his wife, had executed a deed of the premises in question to the Ernst-Marx Nathan Company, which deed was recorded June 9, 1899. The grantee took possession of the premises (then unimproved), and caused a fence to be erected inclosing the same. On October 2, 1899, the Ernst-Marx-Nathan Company conveyed the same premises to Solomon Moses, on whose behalf possession was taken within two or three days thereafter. The fence was then in position inclosing the property and remained there. The last-mentioned deed was recorded April 19, 1901. In the year 1907 the property was filled in to a depth of 6 to 10 feet, bringing it up to the street level, and signs were displayed thereon on behalf of the owner offering it for sale. No effort ever seems to have been made to assert ownership by any acts of Dykman, Haven, or Baker. Upon proof of all these facts, it was held that the statute applied, and that plaintiff was entitled to no judgment herein.

The Revised Statutes of this state (2d Ed. 1836) provided as follows (Part 2, c. 1, art. 4):

"Sec. 147. Every grant of lands shall be absolutely void, if at the time of the delivery thereof, such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor." (The source of this section was chapter 87, Laws 1801, § 8, "An act to prevent and punish champerty and maintenance." It was declaratory of the common law.)

"Sec. 148. But every person having a just title to lands, of which there shall be an adverse possession, may execute a mortgage on such lands; and such mortgage, if duly recorded, shall bind the lands from the time the possession thereof shall be recovered by the mortgagor or his representatives. And every such mortgage shall have preference over any judgment or other instrument, subsequent to the recording thereof; and if there be two or more such mortgages, they shall severally have preference according to the time of recording the same respectively." (This was an entirely new provision.)

In explanation of their reasons for these provisions, the revisors stated:

"It is proposed to abolish the law of maintenance and to qualify that of champerty, as declared in the Statute 1 R. L. 172, so far as to permit mortgages of land held adversely. The great objection to these laws has been that

a destitute claimant is often prevented by their operation from enforcing his right, whereas, if he were permitted to avail himself of the property for the purpose of procuring professional assistance and defraying the unavoidable and often heavy expenses of a litigation, he would be placed more nearly on an equal footing with his antagonist, who happens to be in possession. Desirous to obviate this objection, so far as it is entitled to weight, but at the same time unwilling to propose the entire abolition of the present law, the revisors have adopted a middle course by allowing a claimant to mortgage lands held adversely. The prohibitions of the champerty act so far as they are consistent with this modification will be inserted in part IV." 3 Rev. St. (2d Ed.) p. 596, § 185.

The Real Property Law (chapter 547, Laws 1896) provided as follaws:

"Sec. 225. A grant of real property is absolutely void, if, at the time of delivery thereof, such property is in the actual possession of a person claiming under a title adverse to the grantor; but such possession does not prevent the mortgaging of the property, and such mortgage, if duly recorded, binds the property from the time possession thereof is recovered by the mortgagor or his representatives, and has preference over any judgment or other instrument subsequent to the recording thereof; and if there be two or more such mortgages, they severally have preference according to the time of recording thereof respectively."

It is under this section that defendants claim that they were entitled to judgment of dismissal. And the language of the statute would seem to leave no doubt that, where a mortgage on real property is executed by one out of possession, no action upon the mortgage can be maintained. The mortgagee must either sue upon the bond, or, if he desires to enforce his rights on the real estate, wait until the mortgagor or his representative has actually recovered possession thereof. As was said by Judge Bosworth in Lowber v. Kelly, 17 Abb. Prac. 460:

"The object of the revisors in recommending permission to mortgage in such cases is stated in 3 Rev. St. (2d Ed.) p. 596, § 185. It was no part of that object to allow the mortgagee to bring a suit of any kind, as such mortgagee until after his mortgagor or the representatives of the latter had recovered possession of the premises, for until that event has occurred the mortgage is not to bind the lands."

In De Garmo v. Phelps, 176 N. Y. 458, 68 N. E. 874, in the opinion of the court, Justice Cullen says:

"I concede that, though Inglehart's title was perfect, the statute rendered any voluntary conveyance by him, while the lands were in adverse possession by another party, void; and, while the statute authorized him to mortgage his lands, I assume that the effect of the provision that the mortgage shall bind the lands from the time the possession thereof is recovered by the mortgagor is to exclude such operation until possession is so recovered, which in this case never occurred."

And the dissenting opinion of Judge Gray adopts the same view (176 N. Y. 461, 68 N. E. 875). There is no provision that such defense shall be available only to the person in possession of lands so mortgaged to another. The statute contains an absolute declaration of the absence of any binding force upon the real estate of a mortgage executed in the manner described, and, when an action is brought which in effect seeks to bind the real estate in a manner forbidden by law and before it

may lawfully be bound, that defense is available to any defendant in the action. In the present case, the mortgage was executed by one out of possession of the real estate, who had never thereafter either by herself or by her representatives recovered possession thereof, and the mortgage therefore conferred upon the mortgagee no enforceable right. No action in foreclosure could be brought until the mortgagor or her representatives had recovered possession. Until that event arrived, an action could be begun only on the bond accompanying it.

The judgment appealed from should therefore be affirmed, with costs to respondents.

McLAUGHLIN and LAUGHLIN, JJ., concur.

INGRAHAM, P. J. The plaintiffs' testator on or about November 19, 1904, executed and delivered to the defendant Sarah V. Baker a deed dated that day, which purported to convey to said Sarah V. Baker the premises described in the complaint in this action, and simultaneously with the execution and delivery of this deed Sarah V. Baker executed, acknowledged, and delivered to the plaintiffs' testator a mortgage whereby she granted, released, and conveyed to the plaintiffs' testator the premises described in the conveyance to secure $2,-000, a part of the purchase money for the property. At the time of the conveyance, the property was held adversely to the plaintiffs' testator by persons not parties to this action, and this grant and mortgage were duly recorded on the 21st of November, 1904. Subsequently Baker conveyed this property subject to the mortgage, and, default having been made in the payment of the principal and interest, this action was brought to foreclose the purchase-money mortgage. Sarah V. Baker and Max Marx, who had acquired whatever title the defendant Baker had, interposed answers alleging as a defense that at the time of the execution and delivery of the mortgage the defendant Baker was not in occupation or possession of the premises described, nor had she at any time prior to such execution or delivery made entry upon or entered into or been in occupation or possession, either actual or constructive, of the whole or any part of said premises. It is further alleged that one Solomon Moses was in actual occupation or possession thereof, claiming ownership thereof and title thereto, and that by reason thereof the alleged mortgage did not at any time prior to or at the time of the commencement of this action, and does not now bind the premises described in the amended complaint, or any part thereof, or create a lien thereon capable of foreclosure before possession of the property is recovered. The court found these facts, dismissed the complaint, and the plaintiffs appeal.

It is claimed that this mortgage is void under section 225 of the real property law (chapter 547, Laws 1896), re-enacted as section 260 of the real property law (chapter 52, Laws 1909 [Consol. Laws, c. 50]). That section provides that a grant of real property is absolutely void if at the time of the delivery thereof such property is in actual possession of a person claiming under a title adverse to that of the grantor. Section 205 of the act provides that the term "conveyance," as used in article 7, of which section 225 is a part, includes

every instrument in writing except a will by which any estate or interest in real property is created, transferred, assigned, or surrendered; but in section 225 the word "conveyance" is not used, but the word "grant" is substituted. No definition is given to the word "grant" in the statute. Section 225 also contains a provision that such adverse possession does not prevent the mortgaging of such property, and that such mortgage, if recorded, binds the property from the time that possession thereof is recovered by the mortgagor or his representatives. It is well settled that this section is to be strictly construed by reason of its severity, and that it is not the policy of the law to give this rule a construction and effect more liberal than its terms necessarily require. Cornwell v. Clement, 87 Hun, 52, 33 N. Y. Supp. 866; Bissing v. Smith, 85 Hun, 564, 33 N. Y. Supp. 123. The deed from the plaintiffs' testator to Sarah V. Baker was undoubtedly void under this section, and conveyed no title to the property. The grantee in such a deed, however, acquires a right to maintain ejectment in the name of his grantor where the conveyance under which he claims is void because the property conveyed was held adversely to the grantor (Code Civ. Proc. § 1501), and, if he succeeded in such an action, undoubtedly under the covenants of warranty the grantee in such a deed would acquire a title to the land. The plaintiffs' testator's grant, therefore, would necessarily divest him of any claim to the property so long as the conveyance was outstanding, and, while this conveyance to Sarah V. Baker was absolutely void as a transfer of the title to the property as between the parties to it, the grantor might be divested of any interest which he had in it. Now, as a part of the consideration for the void grant the grantee executed a purchase-money mortgage. The party holding the land adversely was not a party to this mortgage, and the holding of this mortgage as to him or his interest in the property was void. Section 225 of the real property law expressly provides that such adverse possession did not prevent the mortgaging of the property. It is true that such a mortgage did not become a lien upon the property until possession was regained by the mortgagor, but I can see no reason why the mortgage should not become a lien upon the right acquired by the mortgagor by reason of the grant which would entitle the original grantor to foreclose the mortgage so as to reacquire the interest parted with by the grant and which the purchase-money mortgage pledged to secure the repayment of the amount secured thereby. In De Garmo v. Phelps, 176 N. Y. 455, 68 N. E. 873, the effect of this provision of the statute was discussed, and it was there held that a purchase-money mortgage, although when executed the land was held adverse to the mortgagor, was not void under this statute, but that, if the mortgage had been given for any other purpose than to secure the purchase money, the plaintiff's title would be void.

I also think that, although as between the defendant Sarah V. Baker and those in actual possession of the property, this grant and the purchase-money mortgage were absolutely void, as between the plaintiffs and Sarah V. Baker and her grantees, the fact that the grant and mortgage were void was no defense in an action to foreclose the purchase-

money mortgage, so that the plaintiffs' testator could reacquire whatever interest he had in the property. Though Sarah V. Baker had received a grant of real property which was void as a conveyance of the property, by it she acquired certain rights or interest in it; and to secure the purchase money upon that grant she executed this mortgage. Occupying that position, I do not think that she can claim that the execution by her of the purchase-money mortgage was void, while insisting upon the rights that she acquired by virtue of the grant.

I think, therefore, that the plaintiffs were entitled to a judgment which would foreclose the interest, whatever it was, acquired by Sarah V. Baker in consequence of this grant, and that the judgment should be reversed and a new trial ordered with costs to the appellant to abide the event.

MILLER, J., concurs.