### BELCHER v. BELCHER.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

1. ADVERSE POSSESSION (§ 54*)—TIME—COMPLETION OF PERIOD.

Adverse possession for less than 20 years before the action was begun is not available to give title.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. § 271; Dec. Dig. § 54.*]

2. CHAMPERTY AND MAINTENANCE (§ 7*)—GRANT OF LAND HELD ADVERSELY—PERSONS ENTITLED TO OBJECT.

One who is simply in possession of property, without claiming to be rightfully in possession, and without showing some specific alleged title adverse to that of the grantor, cannot defend a suit by the grantee to recover the property, under Real Property Law (Laws 1896, p. 603, c. 547) § 225, making a grant of realty void if at the time of delivery it is in the actual possession of one claiming under a title adverse to the grantor.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 64, 65; Dec. Dig. § 7.*]

3. CHAMPERTY AND MAINTENANCE (§ 9*) — CRIMINAL RESPONSIBILITY — ELEMENTS OF OFFENSE.

A conveyance must be taken with knowledge of the facts, in order to be a crime under Pen. Code, § 130, making it a misdemeanor to buy land unless the grantor has been in possession or has taken rents for one year before the conveyance, so that the deed would not be void where the grantee did not have knowledge of facts bringing the case within the statute.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. § 21; Dec. Dig. § 9.*]

4. FRAUDULENT CONVEYANCES (§ 202*)—RIGHTS OF GRANTOR—RIGHTS AGAINST BONA FIDE PURCHASER.

Even if defendant's husband furnished the purchase money of property, title to which was taken in the name of plaintiff's grantor because defendant's husband was financially embarrassed, such transaction would be a fraud upon his creditors, so that neither defendant nor her husband could claim the property as against plaintiff, a bona fide purchaser for value.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 619; Dec. Dig. § 202.*]

Appeal from Trial Term, Broome County.

Action by Mary E. Belcher against Elizabeth C. Belcher. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A. D. Wales and A. M. Sperry, for appellant.
Carver & Deyo, for respondent.

COCHRANE, J. This is an action in ejectment to recover a house, which constitutes part of a larger property conveyed by the several deeds hereafter mentioned, including the deed to plaintiff. The entire property was formerly owned by Martin Stone, at the time of his death in the year 1876. In 1883 the defendant was living on the property with her husband, Yelles Belcher, and his adopted son, Edward C. Belcher, apparently under some arrangement with the representatives of Stone. In the latter year the executors under the will of Stone, by virtue of a power to convey real estate contained in the will, executed to said Edward C. Belcher a contract to convey the property, which contract contemplated the execution of the deed in 10 years and provided that Edward C. Belcher should immediately have possession of the premises. He, with Yelles Belcher and the defendant, continued to reside there until 1892, when Yelles Belcher died. Thereupon the defendant excluded Edward C. Belcher from the house in question, and has ever since continued to hold it adversely. Edward C. Belcher constructed other dwellings on the property. In 1894, pursuant to the contract of sale, the executors of Stone conveyed to him the property. In 1899 he married the plaintiff, and in the same year conveyed it to her. The record title of plaintiff is complete. Defendant claims neither record title nor title by adverse possession. At the trial, in response to a question by the court, her counsel announced that she claimed to have held the property adversely since the year 1892; that being the year of her husband's death. He further stated:

"We don't claim adverse possession ripened into title before this action."

The court found as a fact, in accordance with defendant's contention, that she had occupied the house exclusively since 1892. She has at no time had or claimed possession of any part of the premises, except the house in question. Even if she had claimed, and it had been found by the court, that she had been in adverse possession since the time of the Stone contract to Edward C. Belcher in 1883, it would avail her nothing as a claim of title by adverse possession, for the reason that this action was begun in 1900, less than 20 years thereafter.

The action is resisted on the ground that the conveyance to plaintiff was champertous under section 225 of the real property law (Laws 1896, p. 603, c. 547), which declares that:

"A grant of real property is absolutely void if at the time of the delivery thereof such property is in the actual possession of a person claiming under a title adverse to that of the grantor."

That defense, however, is unavailable to one who makes no claim of title, but is simply in possession of the property, not claiming to be rightfully in possession. It is not sufficient, even, that he may claim title, but must disclose some specific alleged title, that the court may see that it is adverse to that of the grantor. Dawley v. Brown, 79 N. Y. 390, 396; Arents v. Long Island Railroad Company, 156 N. Y. 1, 7, 50 N. E. 422; Crary v. Goodman, 22 N. Y. 170.

119 N.Y.S.—10

It is further claimed as a defense that the deed to plaintiff was void under section 130 of the Penal Code, which makes it a misdemeanor for a person to buy or sell land unless the grantor or those under whom he claims has been in possession of the same, or of the reversion or remainder, or has taken rents or profits, for the space of one year before the conveyance. It is sufficient for the purposes of this action to say that, before the plaintiff can be found guilty of a crime under that section, it must appear that she took her conveyance with knowledge of the facts which bring the case within the condemnation of the statute (Preston v. Hunt, 7 Wend. 53), and there is no evidence that she possessed any such knowledge.

Finally, the defendant complains because she was not permitted to prove that her husband furnished the consideration of the conveyance by the Stone executors, and that the deed was taken by Edward C. Belcher because of the embarrassed financial circumstances of her husband. If this were a fact, it would have been a fraud on the creditors of her husband, and unavailable either to him or to her, especially as against the plaintiff, who for anything that appears is an innocent purchaser of the property for value.

The judgment is right, and should be affirmed, with costs. All concur.