### WILSON v. BOYCE et al.

(Supreme Court, Appellate Division, Third Department.   March 8, 1911.)

CHAMPERTY AND MAINTENANCE (§ 7*)—GRANTS OF LAND HELD ADVERSELY.

Under Real Property Law (Laws 1896, c. 547) § 225, making a grant champertous only where the property is in the actual possession of a person claiming adversely to the grantor, a deed was not champertous where, though defendant was occupying the land, it was not included in the title under which he claimed adversely to plaintiff's grantor.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 54–110; Dec. Dig. § 7.*]

Appeal from Trial Term, Warren County.

Ejectment by Mary E. Wilson against Llewellyn W. Boyce and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, and HOUGHTON, JJ.

Walter H. Dodd, for appellants.

George S. Raley, for respondent.

SMITH, P. J. This action is in ejectment to recover the possession of a piece of land containing about 10 square rods in the southeast corner of what is called a 2-acre tract formerly belonging to one John M. Stanton in the town of Bolton, Warren County, N. Y. In 1838 Samuel C. Stanton, the father of John M. Stanton, deeded to the trustees of the school district No. 2, in the town of Bolton, the land in question, thus describing it:

"All that certain piece or parcel of land whereon the new schoolhouse now stands near the highway leading from Allen Anderson's gristmill to the Lake road.  Said schoolhouse site lies adjoining land belonging to William Stewart and is the northeast corner of the lot of land, containing five acres, formerly owned by William Stewart, lying on the southwest side of the aforesaid, containing the whole length, width, and breadth of land which is now appropriated for the use and convenience of said schoolhouse.  And it is expressly understood and solemnly agreed by the parties of the second part the within described schoolhouse site shall never hereafter be appropriated to any other use than for a district schoolhouse and school, this being a reserve made by the party of the first part."

This property was devised by Samuel C. Stanton to John M. Stanton, and in 1873 John M. Stanton gave to Marianne A. Bevins a deed of a 2-acre lot, which was a part of the lot from which this school-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

house site had originally been taken. Thereafter and in 1874 he gave to said Marianne A. Bevins a deed, the description of which reads as follows:

"All that tract or parcel of land situate in the town of Bolton, county of Warren, and state of New York, being all of the land lying between the land purchased by said party of the second part of the party of the first part by deed executed on the 1st day of October, 1873, and recorded in the clerk's office of Warren county on the 14th day of October, 1873, and the lands occupied by the school district of the said town of Bolton, and known as school district No. 2 of said town, these same premises being the lands lying between the lands so purchased by this party of the second part and the lands owned by one Horace Stewart on the south and by the highway leading from the Baptist Church by the residence of Willard Brown on the north and east, supposed to contain four rods of land, be the same more or less."

This is the deed upon the interpretation of which this controversy depends. It was held upon the former trial, in a judgment which was sustained in this court, that this deed referred only to a gore of land between the two acres formerly purchased by Mrs. Bevins and the schoolhouse lot itself. This schoolhouse lot contains about 10 rods of land. The defendant claims under Marianne A. Bevins, and upon re-examination we reaffirm our former decision that under the deed in question Marianne A. Bevins never acquired any title to the schoolhouse lot. Her deed to the defendant described the land as it was described in the deed to her, and it follows as matter of course that the defendant has no title to the schoolhouse lot, which is the subject of this action. Plaintiff claims under the foreclosure of a mortgage executed by John M. Stanton after the said two deeds to Marianne A. Bevins, and which concededly conveys and gives the title to the plaintiff, unless John M. Stanton had theretofore conveyed away the title to Marianne A. Bevins by the aforesaid deeds.

The defendant, however, seeks further to defend this action upon the ground that at the date of the deed to the plaintiff he was occupying this land under a title adverse to that of the plaintiff's grantor, and that the deed was void for champerty. The schoolhouse lot was abandoned for school purposes in 1898, and since that time, or at least at the time of the grant to the plaintiff, the proof is clear that the defendant was in fact in possession of that lot, claiming title thereto. But section 225 of the real property law (Laws 1896, c. 547) makes such a grant champertous only where "such property is in the actual possession of a person claiming under a title adverse to that of the grantor." In Dawley v. Brown, 79 N. Y. 390, a case involving the construction of this provision of the statute, the headnote in part reads:

"It must also appear that at the time of the delivery of the deed the lands were in the actual possession of a person claiming 'under a title adverse to the grantor.' It is not enough that he claims title. He must claim under some specific title, which must be disclosed, so that the court may see that it is adverse to that of the grantor in the deed assailed."

The title which the defendant has disclosed has been construed by us not to include the land in question, and, therefore, not to be adverse to the plaintiff's grantor; so that the deed to the plaintiff was not champertous and the defense must fail. See, also, Belcher v. Bel-

cher, 134. App. Div. 726, 119 N. Y. Supp. 144; Arents v. Long Island R. R. Co., 156 N. Y. 1–7, 50 N. E. 422. It follows that the judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.