JOSHUA C. SANDERS, Respondent, *v.* JOHN TOWNSHEND, Appellant.

(Argued June 2, 1882; decided June 13, 1882.)

This was an action of ejectment brought to recover two lots of land, situate, as described in the complaint, on the southerly side of Eighty-ninth street, in the city of New York, and known and distinguished by the numbers fifty-nine and sixty on a map of the Harlem commons, made by Charles Clinton, surveyor, and on file in the office of the register of the city and county of New York.

Upon the trial the plaintiff put in evidence a deed of the lots executed to him on the 4th day of January, 1873, by Gordon Burnham, and he also proved that he took formal possession of the lots on the 1st day of December 1873, and inclosed them with a substantial fence, and that he thereafter continued in possession of them until he was ousted by the defendant. He gave no proof that his grantor Burnham had title to the lots or that he had ever been in actual possession of them. The plaintiff testified that the lots were a part of the Harlem commons known by the numbers 59 and 60 on a map thereof made by Clinton, which was on file in the register's office, and that the lots formerly belonged to Dudley Selden fifty-five years before the trial. After the plaintiff had introduced his evidence and rested, he admitted, upon the request of the defendant, that the title to the Harlem commons containing about two hundred and ninety acres, of which the two lots in question are a part, was in 1825 vested in Dudley Selden. The defendant then put in evidence a deed executed by Selden and wife to Isaac Adriance, dated April 23, 1832, and recorded in the register's office February 8, 1833. That deed conveyed by numbers upward of five hundred lots situated in Harlem commons, in the twelfth ward of the city of New York. The deed commences with a recital that Selden had theretofore from time to time bargained, sold, conveyed and mortgaged parts of the lands known as Harlem commons, and that the title to certain other parts of the commons "still remain unconveyed, a description whereof is hereinafter set forth as appears by the lot-book, as

the same has been examined by the parties of the first and second parts." The deed then grants "All the following lots, pieces or parcels of land lying or being in the twelfth ward of the city of New York, known and distinguished as part of the Harlem commons and which said lots hereby conveyed are laid down on a map of said commons made by Charles Clinton, of the city of New York, surveyor, as lots numbered and bounded as follows, to wit": Then a large number of lots are inserted, but numbers 59 and 60 are not among them. Then follow these clauses: "Also all other lands contained within the limits of said commons as described on said map of said Charles Clinton not heretofore conveyed by the parties of the first part." "Also all other lands not heretofore conveyed by the parties being a part of said commons which are described on a map of said commons made by Joseph F. Bridges, city surveyor of said commons." The defendant then introduced in evidence a certified copy of the will of Isaac Adriance, dated in 1854 in which he devised all his real estate to his wife. He then proved a deed to himself from Mrs. Adriance dated November 6, 1873, of the two lots in question. It was also proved by Burnham that the latter bought the two lots at a corporation tax sale in 1849, and at various tax sales thereafter, that he took leases from the corporation upon such sales, that from 1849 down to the time of his conveyance to the plaintiff, no one ever disputed his claim to the lots, and that he knew of no one who had a right to dispute it. The defendant testified that he examined the records in the register's office in the city of New York for a conveyance by Dudley Selden of these two lots prior to his deed to Adriance, and that he did not find any such conveyance, although he found conveyances by him of over two thousand lots situated in the commons. Upon the facts thus substantially stated, the trial court directed a verdict for the defendant.

The court here say : "We think that direction was right. The plaintiff, having shown no right or title except that to be inferred from his actual possession, must fail in this action if the defendant has established a paper title derived from Selden, and whether he had such title or not depends upon the force and effect to be given to the conveyance from Selden to Adri-

ance.  The claim of the plaintiff is that that deed does not sufficiently describe the two lots in question to convey them, and that claim, we are of opinion, is not well founded.  It is conceded that these lots were known on the Clinton map and on the Bridges map as lots fifty-nine and sixty, and they are so described in the deed from Burnham to the plaintiff, and substantially so described in the complaint.  It is recited in the deed from Selden that he had from time to time sold and conveyed portions of the Harlem Commons and that he still retained title to certain other parts of the commons which remained unconveyed as appeared by the lot-book as the same had been examined by the parties to that conveyance, a description whereof was set forth particularly in the deed.  By that particular clause in the deed we understand that the parties intended to give particular description in the deed of the lots which appeared by the lot-book not to have been conveyed and that the lots which so appeared not to have been conveyed are particularly inserted and described by their lot numbers in the deed.  The inference is that these lots fifty-nine and sixty, which are not by their lot numbers inserted or described in the deed, were believed to appear upon the lot-book to have been before conveyed, and that was the reason why they were not particularly designated.  Then after giving a particular description of all the lots thus found unconveyed upon the lot-book, to make sure that there should be no mistake that the conveyance covered all the lots still owned by Selden in Harlem Commons whether they appeared upon the lot-book to have been conveyed or not, the further clauses above set out were inserted in the deed.  The Commons were divided into about three thousand five hundred lots, and the parties may well have had apprehension that in dealings with so many lots there might have been mistakes in entries made in the lot-book or in some other way.  It is undisputed that these two lots were upon the maps made by Clinton and Bridges, and they are therefore covered by these clauses in the deed.

Hence it is very clear that the language of this deed is broad enough to cover these two lots if they had not before been conveyed.  The conveyance of them was therefore good as against

the grantor; that is, after the execution of this deed he could not claim title to the lots against Adriance. The defendant having thus shown a paper title good on its face against the grantor, the conceded owner, it is good as against the whole world except some person who could show an earlier conveyance from the grantor, and the plaintiff has not connected himself with any title whatever derived from the grantor. Indeed the evidence tends strongly to show, and being undisputed was sufficient *prima facie* to show that the grantor had not parted with the title of these lots prior to his conveyance to Adriance. Such a title if conveyed, after the lapse of more than fifty years, would almost certainly, in the. city of New York, find its way upon the records of conveyances, and a search of those records showed no such conveyance. Besides, during more than thirty years that Burnham claimed to own these lots, he heard of no claim of title to them by any one claiming an earlier conveyance from Selden, and it is fair to presume that none of the parties to this action have ever heard of or been able to trace such a conveyance.

Taking all these facts and the language of the deed, we think the court was justified in holding that the title was in the defendant, and in directing a verdict for him."

The order of the General Term should therefore be reversed, and the judgment of the Special Term affirmed with costs.

*Theron G. Strong* for appellant.

*J. C. Sanders* for respondent.

EARL, J., reads for reversal and new trial.
All concur, except FINCH, J., absent.
Order reversed and judgment affirmed.