## McDUFFIE v. CLARK.

*(Supreme Court, General Term, Fifth Department. June 23, 1888.)*

VENDOR AND VENDEE—MISNOMER OF VENDEE—PROOF OF PERSON INTENDED.

One David A. Brown negotiated the purchase of a lot, taking a deed in the name of David C. Brown, and giving the vendor a bond and mortgage, purporting to be given to secure the purchase money, in the name of David C. Brown, executing it before a notary, who certified that it was acknowledged by David C. Brown. B., at the time, had an infant son named David C. The father died one day before his son. Plaintiff, in ejectment, claimed title under sheriff's deed on foreclosure of the mortgage. *Held*, that the deed and mortgage must be construed together; and that, as the father executed and acknowledged the bond and mortgage as his own act, it was the evident understanding of the vendor that the grantee and mortgagor were the same parties, and the title did not pass to his son by the deed, and vest in the widow at the son's death.

Appeal from circuit court, Cattaraugus county.

Ejectment by Angus McDuffie against Adelia Clark. Verdict for defendant. The court ordered the verdict set aside, and a new trial. Defendant appeals from the order.

Argued before HAIGHT, BRADLEY, and DWIGHT, JJ.

*A. D. Scott*, for appellant. *W. Woodbury*, for respondent.

BRADLEY, J. The action is ejectment. John Manley, having title to the lot in question, made a deed, in which his wife joined, to a grantee named in

it as David C. Brown, on October 28, 1873. The name of the person who negotiated the purchase and took the deed was David A. Brown. And at the same time, and to secure a portion of the purchase money, David A. Brown signed to a bond the name of David C. Brown, who was named in it as obligor; and, to secure the performance of the condition of the bond, he signed to a mortgage the name of David C. Brown, who was also named in it as mortgagor, and acknowledged its execution before a notary public, whose certificate, in the usual form, represented that David C. Brown, to him known to be the person who executed the mortgage, personally came before him, and acknowledged that he executed it. The business was all done by David A. Brown, who received the deed, delivered to Manley the bond and mortgage, and thereupon went into possession of the premises, and occupied them until his death. At the time the deed and bond and mortgage were executed, David A. Brown was the father of an infant son, about 10 months of age, whose name was David Clarence Brown. The father died July 5, 1875, and the son died the day following. The plaintiff's claim of title rests upon the sheriff's deed to him as purchaser at a sale, after the death of the father, upon execution issued upon a judgment recovered against him in his life-time. The defendant was the wife of David A. Brown, and became his widow on his death, and was the sole heir of the son deceased. Her defense is made upon the contention that the son took title by the deed. The question upon the trial was, therefore, where was the title to the premises placed by Manley's conveyance? Upon the plaintiff's motion the trial court held that the verdict for the defendant was against the weight of evidence, and directed a new trial.

The death of Manley, as well as Brown, denied to the parties the evidence of any person who participated in the transaction, except the widow of Manley, who had but little to do with it other than to sign the deed, and make acknowledgment of its execution by her. She says that Mr. Brown, the father, negotiated for the property, and that she executed the conveyance to him. The party who took the title is the one to whom Manley intended to make the conveyance. He was a man of business, familiar with transactions of conveyance of real estate, in which he was considerably interested and engaged. He drew this deed, and the bond and mortgage. All of those instruments constitute parts of the same transaction, and may be construed together, and in the light of the circumstances attending their execution, for the purposes of the question presented for consideration. *Stow* v. *Tifft*, 15 Johns. 458; *Lynde* v. *Budd*, 2 Paige, 191; *Rawson* v. *Lampman*, 5 N. Y. 456; *Dusenbury* v. *Hulbert*, 59 N. Y. 541, 544. And when, at the time of a conveyance, a mortgage to secure the payment, in whole or in part, of the purchase money, is given by the grantee, the latter, in legal effect, takes only a right of redemption. *Clark* v. *Brown*, 3 Allen, 509; *Hitchcock* v. *Insurance Co.*, 26 N. Y. 68, 70; *Dusenbury* v. *Hulbert, supra.* When Manley executed the deed, he took a mortgage; and it contains the statement that it "is intended as security for the payment of the sum of three hundred and fifty dollars, which sum is for the purchase money of said lot; a deed having been given by the party of the second part to the party of the first part simultaneously herewith,"—"according to the condition of a bond this day executed and delivered by the said David C. Brown to the said party of the second part." This quite clearly shows that the purpose of the mortgage was to secure such amount of the purchase money. The bond is referred to in the mortgage as executed and delivered by the party of the first part, who is also therein declared to be the grantee in the deed. The bond, in fact, was not executed by David C. Brown, but it and the mortgage were executed by David A. Brown. The apparent intent and understanding of the parties to the transaction, as indicated by the instruments, when construed, as they must be, together, is that the grantee in the deed and the obligor and mortgagor should be and was

one and the same person. The father, by the execution of the bond and the execution and acknowledgment of the mortgage, assumed to be the obligor and mortgagor, and was so treated by the notary who took the acknowledgment. And to say that Manley intended to treat the person who executed the bond and mortgage other than the grantee in the deed defeats his intent as expressed in the mortgage taken by him, which is part of the executed contract between the parties to the instruments; and, such being the purpose of the grantor, it is quite immaterial that the party taking the deed, and executing the bond and mortgage, used the name of David C. Brown. In that view, the name so used to represent him, and which was understood by the grantor to do so, was as effectual for the purposes of the grant, and the instruments made as security, as if taken and executed in the name of David A. Brown, and the result the same. *David* v. *Insurance Co.*, 83 N. Y. 265. In law, only one Christian name is recognized as part of it, and the middle letter is not treated as part of the name of a person. *Hart* v. *Lindsey*, 17 N. H. 235, 43 Amer. Dec. 597; *State* v. *Smith*, 12 Ark. 622, 56 Amer. Dec. 287; *Milk* v. *Christie*, 1 Hill, 102; *Van Voorhis* v. *Budd*, 39 Barb. 479. But the middle letter used may be treated as matter of description of, and observed as a means of distinguishing, persons having the same Christian and surnames. And, if the deed had been the only instrument executed by the parties, the fact that the father had a child whose name corresponded with that inserted in the deed, and was distinguished from his by the middle letter, would be a fact entitled to more consideration than now, upon the question involved. And, in this view, the defendant's counsel seeks to separate the deed from the bond and mortgage, and to treat it as distinct from them; but, as has been observed, that cannot effectually be done. The several instruments must be treated as parts of the same contract, and read together, and the provisions of any one of them may go to characterize the whole. The father, in the execution of the bond and mortgage, and in the acknowledgment of the execution of the latter, seems to have acted as principal; and they were taken by Manley as security for purchase money, which is not consistent with the idea that he understood the conveyance to be to the infant child. The middle letter, "C.," in the name of the grantee in the deed, is alone relied upon by the defense to indicate that the child took the title. The father, as principal, used this letter, and in this name executed the bond and mortgage, in which, as obligor and mortgagor, that middle letter may properly be treated as surplusage. And, in view of the manner those instruments were executed by Mr. Brown, it is somewhat difficult to see how, consistently with the apparent purpose of the parties to the transaction, the conveyance can be treated as made to the child. There is no reasonable support for the suggestion that they may have supposed that the father, in the execution of the bond and mortgage, represented and charged the son as obligor and mortgagor. He did not seemingly seek to do that; but apparently assumed the name with the middle letter corresponding with that of the grantee in the deed. Why that letter in the name was inserted in the deed does not appear; but being there may account for its use in the bond and mortgage, that the several instruments might correspond in that respect. It does not appear that the father ever before had used the middle letter, "C.," in signing his name; but it does appear that he was known by his neighbors as "David Brown," and that he had before written his name, "David A. Brown." There is, however, no evidence that Manley knew that he had the middle letter, "A.," in his name, or that he had a son whose name contained the middle letter, "C." But the facts quite apparently significant are that the transaction was between Manley and Mr. Brown; that the former intended to take a bond secured by mortgage on the premises for the purchase money, and to secure its payment from the grantee; and that Brown executed such bond and mortgage, and they were delivered to and taken as such by the grantor. These facts, in view of

what appears in the mortgage, seem quite apparently to indicate the understanding of Manley that the grantee and the mortgagor were the same person. We think the conclusion of the trial court was justified, that the verdict was against the weight of the evidence, and in granting a new trial. It is, perhaps, proper to add that, when this action was here on review of a former trial, it came up on the direction of a verdict subject to the opinion of the court; and that, while all the then members of the court concurred in the result reached by the learned justice who delivered the opinion, some of them placed their concurrence solely upon the ground of mistrial, because, it appearing that exceptions had been taken upon the trial, the verdict was improperly directed subject to the opinion of the court. The order granting a new trial should be affirmed.

HAIGHT and DWIGHT, JJ., concur.