McDUFFIE *v.* CLARK.

(*Supreme Court, General Term, Fifth Department.* April 11, 1890.)

DEED—CONSTRUCTION—MISNOMER OF GRANTEE.

One David A. Brown purchased a lot, taking a deed in the name of David C. Brown. He executed a bond and mortgage in the name of David C. Brown to secure the purchase money, and the notary certified that the mortgage was acknowledged by David C. Brown. He had at the time an infant son named David C. Brown. The father of David A. Brown testified that he heard a conversation between his son and the grantor in which the grantor consented to convey to the infant son of David A. *Held,* that the deed and mortgage must be construed together, and it was the evident understanding of the grantor that the grantee and mortgagor were one and the same person, and the title did not pass to his son by the deed.

Appeal from circuit court, Cattaraugus county.

Ejectment by Angus McDuffie against Adelia Clark. Judgment was entered on a verdict for defendant, and a motion for a new trial was denied; and plaintiff appeals. For opinion on appeal by defendant from an order granting a new trial, see 1 N. Y. Supp. 462.

*W. Woodbury,* for appellant. *A. D. Scott,* for respondent.

DWIGHT, P. J. The action was ejectment for a house and lot in the village of Little Valley. The plaintiff claimed title under one David A. Brown, and the defendant under one David C. Brown. The opinion of the court, by BRADLEY, J., on a former appeal, (1 N. Y. Supp. 462,) furnishes a full and succinct statement of the facts as they then appeared, and of the reasons for the conclusion then reached, that the verdict in favor of the defendant was against the clear weight of the evidence. It was then considered that the effect of the deed and bond and mortgage, which were to be construed as parts of the same transaction, together with the attendant circumstances, was to demonstrate that title passed to the person to whom the deed was delivered, and who executed the bond and mortgage for the purchase money, notwithstanding that in naming the grantee in the deed the initial letter of the middle name of his son, an infant of 10 months old, was by some means substituted for that of the father,—the names being otherwise the same,—and the bond and mortgage were executed, and the mortgage acknowledged, by the father, in the same name as that employed in the deed. The father's name was David Alonzo Brown, though he was commonly known as David Brown, and the child's name was David Clarence Brown. Both the father and child died within two years after the execution of the deed and mortgage. The plaintiff's title rests upon a sale on execution of the interest of the father, and the defendant claims title as heir at law of the child.

The facts appearing on the trial now under review were the same as before, with the added testimony of Almon Brown, the father of David A. Brown, to the effect that, two or three days before the execution of the deed, he heard a conversation between his son and Mr. Manley, the grantor, in which the latter consented to make the conveyance to the infant child of the former. We do not think this evidence, if admissible, can have the effect to change the aspect of the case presented on the former review. If the conversation was had as testified to, the only reasonable explanation of the transaction which actually followed seems to be that the parties had in the mean time changed their minds, and decided that the deed should be made to the father, and the mortgage executed by him. It is to be observed that, in the conversation related, nothing was said about a mortgage, or the mode or time of payment of the purchase money; and, if the parties ever contemplated a deed to the child, it is probable that, when it was decided that a mortgage should be given, it was also decided that the deed should be made to the purchaser himself, in order that he might give the mortgage. The evidence shows that Mr. Manley, the grantor, was a man of experience in business, had been supervisor of his town for several years, and twice a member of assembly; that he was a dealer in real estate, and was accustomed to draw his own contracts and conveyances, as he did in this case. It is altogether incredible that he should have accepted as security for two-thirds of the purchase money of the lot conveyed a mortgage executed and acknowledged in the name of his grantee by another person. The fact, if it was so, that the child had been previously spoken of as the grantee to be named in the deed, may afford an explanation—wanting on the other review—of the confusion in respect to the middle letter in the name of the actual grantee and mortgagor. The fact which appears, that Mr. Manley indorsed all three of the instruments with the name "David Brown," indicates that he paid but little attention to the middle letter; and the evidence shows that Mr. Brown was commonly known by that name. The case furnishes an illustration of the reason for the general rule that evidence of negotiations preceding the execution of written instruments is not admissible to contradict or vary the effect of the writings themselves. In such cases it is presumed that the writings embody the final understanding and agreement of the parties, whatever their previous negotiations or intentions may have been. In this case, even if the testimony of Almon Brown was admissible by reason of the apparent confusion of names, it cannot be regarded as overcoming the effect as evidence of the three instruments subsequently executed by the parties, and the circumstances of their execution. That effect, we think, remains unchanged since the case was last in this court; and we are still of the opinion that the clear preponderance of the evidence is in favor of the conclusion that the intention of the parties in executing and receiving the conveyances in evidence was that title to the land should pass to the party who executed the mortgage, and who by his acknowledgment of that instrument declared that the name in which he executed it was his own. For this reason the judgment and order appealed from should be reversed, and a new trial granted. All concur.