(8 App. Div. 105)
### PITNEY et al. v. HEUSTED.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

BOUNDARIES—WAYS—TITLE TO FEE.

A deed to plaintiff described the premises as bounded "on the north by the dugway at the north end of the horse shed." Defendant's premises, in the deed to him, were described as bounded on the south by plaintiff's land. The dugway referred to in the deed was 31 feet long and 5 or 6 feet wide at the bottom, and had apparently been cut by surface water. For many years it had been used as a footpath, and occasionally by horses and wagons. *Held*, that the dugway was a lane or alley, and plaintiff's deed conveyed title to the middle thereof.

Appeal from special term, Saratoga county.

Action by Cordelia M. Pitney and others against Howland K. Heusted for an injunction. The complaint was dismissed, and plaintiffs appeal. Reversed.

The action was to restrain the defendant from continuing to occupy and obstruct a private way, as to which the plaintiffs claimed title by grant to the center and easement of passage in the whole thereof. The defendant erected a building in the alleged way. In the grant in 1846 from Hunter, the common grantor, to Nelson, whose title the plaintiffs acquired by the same description, the northern boundary is, "On the north by the dug way at the north end of the horse shed." The defendant's grant from the same grantor, Hunter, in 1852, bounds his land on the south by the land sold Nelson, as above mentioned. The dug way, no doubt, was originally a ravine or gulch, extending from the turnpike in the village of Stillwater to the Hudson river. It was 31 feet long and was cut, probably by the surface water, through the river bank, here composed of soft slate, making a descent of 13 feet from the street to the river. The banks are ragged, sloping sharply from the surface of the river bank to the bottom of the dug way, where it is 5 or 6 feet wide. It is open at each end, and was, when the grant was made in 1846, used as a footpath between the street and the river by the public with the permission of the owner, and occasionally horses and wagons passed over it. It is now in about the same condition, except that it has been filled in somewhat by rubbish. The plaintiffs' premises front upon the public street. The defendant gave evidence tending to show adverse user. He has recently built a barn upon it. The trial court dismissed the complaint.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

C. C. Lester, for appellants.

George B. Lawrence, for respondent.

LANDON, J. If we treat the dug way as a strip of land by which the plaintiffs' land is bounded on the north, the grant to the plaintiffs would not extend to its center line. Ordinarily, when land is bounded by a stream, ditch, lane, alley, wall, or way, which belongs to the grantor, the grant extends to the center thereof, and, in respect to the way, conveys an easement over the whole thereof, and reserves an easement as to the half conveyed. Bank v. Nichols, 64 N. Y. 71; Bissell v. Railroad Co., 23 N. Y. 61; Perrin v. Railroad Co., 36 N. Y. 120; Child v. Starr, 4 Hill, 369. But when land is described as bounded by other land, as land, and not as a line or way for egress or ingress, then the side of the land mentioned, and not its center, is the boundary. City of Boston v. Richardson, 13 Allen, 146.

Upon the evidence, we think this dug way was regarded as a lane or alley, forming a right of way from the highway to the river, and was not merely a strip of land, and hence the grant to the plaintiffs was to the center thereof, and conveyed an easement in the whole thereof. We do not think the evidence sufficient to justify the finding of adverse user by the defendant and his grantors for 20 years.

The judgment is reversed. and a new trial granted, costs to abide the event. All concur.