## LYDIA A. PRATT v. MINNIE QUIRK and Others.[1]

November 8, 1912.

Nos. 17,979—(56).

**Ejectment — evidence.**

 Action to recover possession of a strip of land over which a public highway originally ran. The plaintiff, or those through whom she claims, conveyed by several deeds all of the land abutting on the highway before it was vacated, and after it was vacated this action was brought. The trial court found that the plaintiff had not proven the allegations of her complaint as to her ownership of the land. Evidence, including the deeds, construed, and *held*, that it sustains the finding. The trial court did not err in excluding evidence as to the subsequent acts of the parties to the deeds.

Action in the district court for Hennepin county to recover possession of certain premises and $300 for unlawful detention thereof. The separate answer of defendants Quirk alleged ownership of the premises in defendant Minnie Quirk long prior to November 13, 1908, excepting a portion therein described; that the ownership was acquired through direct and mesne conveyances from plaintiff and her former husband; that the conveyances were made and delivered for a lawful consideration duly paid, and were made long prior to the vacation of the road, which was made by the city council of Minneapolis; that such ownership in Minnie Quirk was subject only to public easement in that part of the premises which was included

1 Reported in 138 N. W. 38.

in the ways, streets and alleys dedicated to public use by a certain plat. The separate answer of defendants Engdahl was in substance a general denial. The case was tried before Holt, J., who made findings and as conclusion of law ordered judgment in favor of defendants. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*Lane & Malmberg,* for appellant.
*Charles J. Williams* and *J. H. Green,* for respondents.

START, C. J.

Appeal from an order of the district court of the county of Hennepin denying the plaintiff's motion for a new trial in an action of ejectment for the recovery of land originally embraced within the boundaries of a public highway, 66 feet wide, and known as the. Wayzata county road. The cause was tried by the court without a jury. The evidence was sufficient to establish the evidentiary facts following:

Lot 1 in Auditor's subdivision No. 46, of the county of Hennepin, was, on and previous to 1902, owned by plaintiff's husband, since deceased, Rufus L. Pratt. The highway ran from a point one hundred feet westerly from the southeast corner northwesterly across the lot. On April 21, 1902, Rufus L. Pratt, by warranty deed, his wife, the plaintiff, joining therein, conveyed a part of lot 1 to the defendant John F. Quirk, which was described as follows:

"That part lying south of county road of lot one (1) in Auditor's subdivision No. 46, Hennepin county, Minn., according to the record plat thereof on file and of record in the office of the register of deeds in the county of Hennepin and state of Minnesota."

The tract of land so conveyed to John F. Quirk was, on July 13, 1904, duly conveyed to his wife, the defendant Minnie Quirk.

On June 13, 1903, Rufus L. Pratt, by warranty deed, his wife, the plaintiff, joining therein, conveyed a part of lot 1 to John S. Calder. The part or tract so conveyed was described in metes and bounds, and the call in the description relating to the southerly

boundary of the tract conveyed was, so far as here material, in these words:

"Thence south at right angles to the northerly line of the Wayzata county road * * * thence southeasterly along said county road."

The tract of land so conveyed to John S. Calder was, on May 20, 1907, conveyed by him to the defendant herein, John Engdahl.

On February 8, 1905, Rufus L. Pratt died intestate. His estate was duly probated, and a decree of distribution made, assigning to his heirs, with other land not here in question, a tract of land described as follows:

"Commencing at a point on the west boundary line of lot one (1), Auditor's subdivision No. 46, three hundred thirty-four and 95/100 feet south of the northwest corner of said lot one (1); thence east at right angles to a point one hundred and thirty-five feet west of the east line of said lot one (1); thence south at right angles to county road; thence northwesterly along north line of county road to west boundary line of said lot one (1); thence north to point of beginning."

On December 20, 1906, the heirs, other than the plaintiff, Lydia A. Pratt, conveyed to her this last described tract, by the identical description and boundaries contained in the decree of distribution; then followed these words: "Meaning to convey the residue of lot one (1) not conveyed by Rufus L. Pratt during his lifetime." The plaintiff on March 14, 1907, conveyed this tract to William E. Stevens by deed containing the same description and boundaries as those in the deed from the heirs to her. Thereafter William E. Stevens conveyed the same tract to Minnie Quirk, one of the defendants herein. The highway in question was duly vacated in November, 1908.

The trial court, upon a consideration of the evidence, found as a fact that the allegations of the complaint as to the land therein described by the plaintiff had not been proven, and as a conclusion of law therefrom that plaintiff take nothing by her action.

It is the contention of the appellant that the finding and decision of the trial court are not sustained by the evidence and are contrary to law. This involves the question of the construction of the several deeds herein referred to, and whether the court erred in excluding oral evidence of the alleged intention to the parties to the deeds.

The general rule applicable to the question is this: If a deed bounds the land upon a street or highway, title passes to the center thereof, subject to the public easement, if there be nothing in the deed, or the location of the land, or the relation of the parties showing a different intention; but where a deed expressly makes the nearer external line of the highway or street the boundary line of the tract conveyed, and no other language is used indicating a contrary intention, no title to the street passes to the grantee. So construing the description in the deed from Pratt and wife to Quirk, it is clear that the deed conveyed the fee to the southerly half of the highway subject to the public easement, for the tract conveyed was the part of the lot lying south of the highway. The part so conveyed abutted on the highway, which was necessarily the northerly boundary thereof. In like manner the deed from Pratt and wife to Calder, through which the defendant Engdahl claims, bounds the tract conveyed by the highway, and the deed conveyed the fee to the center of the highway upon which the tract conveyed abutted. It is true that the line runs to the northerly line of the highway; but the highway, and not its northerly line, is expressly made the boundary of the land conveyed. See Kneeland v. Van Valkenburgh, 46 Wis. 434, 1 N. W. 63, 32 Am. Rep. 719.

This leaves for consideration only the northerly half of so much of the highway, upon which the tract, conveyed by the plaintiff to Stevens and by him to defendant Minnie Quirk, abutted. The record shows that the plaintiff on the trial attempted to show her title thereto by introducing in evidence the decree of distribution, the deed of the heirs to her, and the deed to Stevens. It may be conceded, for the purposes of this appeal, that none of the deeds conveyed the fee of the land to the center of the highway upon which the tract abutted; but if the fee to the center of the highway was excluded from the

boundaries described in the deeds, so also was it from the decree of distribution, for the boundaries were identical in all of the instruments.

The plaintiff, to avoid this conclusion, relies upon the words in the deed from the heirs to her, "meaning to convey the residue of lot one (1) not conveyed by Rufus L. Pratt during his lifetime." These words cannot be fairly construed as conveying any land in addition to that described in the deed, which does not purport by its terms to convey any other land except that therein described. The added words were evidently inserted for the purpose only of identifying the premises conveyed, if perchance there was any uncertainty in any of the calls in the description of the land.

The case of Sanders v. Townshend, 89 N. Y. 623, cited by plaintiff, is not here in point, for the reason that the deed in that case conveyed by number a large number of lots in Harlem commons, and "also all other lands contained within the limits of said commons * * * not heretofore conveyed by the parties" of the first part. It was correctly held that two such lots not designated by numbers were conveyed by the deed.

We hold that the findings and decision of the trial court are sustained by the evidence, and are not contrary to law.

The plaintiff further urges that the trial court erred in excluding evidence of the subsequent acts and conduct of the parties to the deed, for the reason that the deeds were ambiguous. An examination of the record satisfies us that the trial court did not err in excluding the evidence.

Order affirmed.

HOLT, J., having tried the case below, took no part.