In the Matter of the Application of the CITY OF NEW YORK, Relative to Acquiring Title, etc., for the Opening and Extending of Lawrence Avenue, from Forty-seventh Street to Ocean Parkway; Newkirk Avenue, from Ocean Parkway to East Seventeenth Street; East Thirteenth Street, from Ditmas Avenue to Foster Avenue; East Fifteenth Street, from Ditmas Avenue to Foster Avenue, and Third Street, from Eighteenth Avenue to Foster Avenue, etc.

WOOD HARMON WARRANTY CORPORATION, Appellant; THE CITY OF NEW YORK, Respondent.

Second Department, April 5, 1918.

**Mortgage — purchase-money mortgage presumed to cover lands conveyed — omission of fee in streets from description in mortgage.**

Although the grantee of lands which included title to the center line of city streets in front of and adjoining the premises when giving back to the grantor a purchase-money mortgage as security for payment of

part of the consideration omitted from the description in said mortgage all reference to the title in the streets which was a mere naked, unproductive fee, it will be presumed, nevertheless, that he intended to mortgage his interest in the streets, for the deed and the purchase-money mortgage make up one transaction and imply an intent to give back a mortgage on the identical lands conveyed to the mortgagor.

Rich and Blackmar, JJ., dissented.

Reargument of an appeal by Wood Harmon Warranty Corporation, a petitioner, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 20th day of March, 1917, confirming the report of a referee and denying the motion of the appellant for the payment of awards to unknown owners of damage parcels 437 and 438 in the above-entitled proceedings (99 Misc. Rep. 24). After handing down an affirmance of such order, a reargument was ordered February 9, 1918 (181 App. Div. 950; 182 id. 928).

*Benjamin Trapnell*, for the appellant.

*Andrew C. Troy* [*Lamar Hardy, Corporation Counsel*, and *Paul Jones* with him on the brief], for the respondent.

Putnam, J.:

In conveyances, defined bounds and courses should control, and generally not be enlarged or diminished because the description may conclude with a reference to prior deeds. Where the prior deed referred to is a conveyance wholly distinct and independent, such reference is taken to point out the chain of title, and not to cut down or extend the area which the later deed had precisely described. However, when a deed goes with a purchase-money mortgage, the two instruments in effect make up one transaction. (*De Garmo v. Phelps*, 176 N. Y. 455.) There is a necessary intent to mortgage back the identical lands conveyed to the mortgagor. To keep back from the grantor's security any part, or appurtenances, is a breach of the buyer's obligation and denies his own recitals in such a mortgage. The difficulty here is not a wrong course or a confused statement of location, or of quantity. It *is rather a careless, though natural omission* by the scrivener, who by force of habit stops short in copying from the older deed at the finishing words " to the point or

place of beginning." The separate paragraph here omitted from the descriptions of each of the two parcels was: "Together with all the right, title and interest of the parties of the first part of, in and to East 15th Street and White Street lying in front of and adjoining said premises to the centre line thereof."

The effect of construing together the deed and a purchase-money mortgage goes so far as to correct the name of the mortgagor where the initials raised a doubt, since every presumption is in favor of the identity of the mortgagor with the grantee. (*McDuffie* v. *Clark*, 9 N. Y. Supp. 826.) What motive would the buyer of such lots have to hold back from the security such isolated strips? That same public policy which favors keeping them with the abutting lots, to which they naturally pertain, sustains the construction that includes them in this mortgage. If left out, the part of the street bed remains a naked, unproductive fee, without pecuniary advantage. (*Matter of City of N. Y.* [*Decatur Street*], 196 N. Y. 286, 289; 2 Devlin Deeds [3d ed.] § 1028a; *Pitney* v. *Huested*, 8 App. Div. 105.) Assuming an honest purpose to return to the grantor a security upon all the property granted, and thus reading together the deed and mortgage, we give effect to the mutual intent by holding that the purchaser of these parcels mortgaged back its entire right, title and interest in the adjoining streets.

I advise to reverse the order on reargument, with ten dollars costs and disbursements, and to grant petitioner's motion.

JENKS, P. J., and KELLY, J., concurred; RICH and BLACKMAR, JJ., voted to affirm.

Order reversed on reargument, with ten dollars costs and disbursements, and petitioner's motion granted.