In the Matter of the Application of the CITY OF NEW YORK Relative to Acquiring Title to the Real Property Required for the Opening and Extending of Mott Avenue from Far Rockaway Boulevard (Central Avenue) to Frisco Avenue, in the Borough of Queens, City of New York.

CORNAGA AVENUE HOLDING CORPORATION, Appellant; AMY AUGUSTA NORTON, Respondent.*

Second Department, June 26, 1930.

*Charles J. Nehrbas,* for the appellant.

*Charles S. Noyes,* for the respondent.

PER CURIAM. The concluding clause in the description contained in the deed of July 17, 1843, which referred to the intent to convey the property described in the deed of July 12, 1843, was effectual to avoid the effect of the inadvertent failure to refer by number to " lot 36," referred to by number in the earlier deed, and, therefore, the conveyance of July 17, 1843, from John L. Norton to Samuel R. B. Norton vested lot 36 in Samuel R. B. Norton, the predecessor in title of the Cornaga Avenue Holding Corporation, and divested John L. Norton of the title to said lot 36, through which John L. Norton, the respondent Amy Augusta Norton claims. (*Bernstein* v. *Nealis,* 144 N. Y. 347; *Grandin* v. *Hernandez,* 29 Hun, 399; *Matter of City of New York* [*Lawrence Avenue*], 182 App. Div. 739; *Sanders* v. *Townshend,* 89 N. Y. 623.)

* Motion to dismiss appeal denied, 255 N. Y. ——.

The case of *Thayer* v. *Finton* (108 N. Y. 394) may be distinguished on the facts and is not controlling. This view especially should obtain in light of the fact that neither John L. Norton nor any one succeeding to his real property ever asserted title to lot 36 by any instrument containing a specific reference to that parcel and also in light of the fact that Samuel R. B. Norton assumed, by specific reference to said lot 36, to convey it after the deed to him from John L. Norton of July 17, 1843. The isolated acts of possession and the meagre and inconclusive testimony respecting them are insufficient to avoid the foregoing conclusion or to constitute a basis for a holding of title in either the appellant or the respondent independently of the documentary proofs in the case.

The final decree, in so far as appealed from, should be reversed upon the law and the facts, without costs, and the award for damage parcel 21 directed to be paid to Cornaga Avenue Holding Corporation.

LAZANSKY, P. J., RICH, KAPPER, HAGARTY and CARSWELL, JJ., concur.

Final decree, in so far as appealed from, reversed upon the law and the facts, without costs, and the award for damage parcel 21 directed to be paid to Cornaga Avenue Holding Corporation.