Action for judgment declaring that plaintiff is entitled to beach rights as appurtenant to his purchase of lots conveyed as result of foreclosure of a mortgage and that defendant be restrained from interfering with such rights. Judgment for defendant reversed on the law and the facts, with costs, and judgment granted to plaintiff as prayed for in the complaint, with costs. The mortgage made specific and express reference to the development map on which the beach and the roads were delineated and as to which the lot owners, as distinguished from stockholders of the development, held easements appurtenant to their respective parcels. The mortgage also expressly provided that the property subject to the lien of the mortgage was that conveyed by the Smithers deed. The Smithers deed expressly sets forth a provision conveying the easements to the beach and the roads to the mortgagor. On the basis of the instruments, namely the mortgage and the deed, reference to which is contained therein, the beach rights are deemed to be within the scope of the lien of the mortgage. (Real Property Law, § 245; Mattes v. Frankel, 157 N. Y. 603, 608; Williamson v. Salmon, 105 Mise. 485, affd. 196 App. Div. 922, affd. 233 N. Y. 657; Matter of City of New Tork [Mott Ave.], 230 App. Div. 307, affd. 255 N. Y. 642; Brooks V. Wheeler, 214 App. Div. 147, 149; Von Meding v. Strahl, 319 Mich. 598, 611.) There is nothing in the testimony of Pile which is of any probative value in determining the intention of the parties to include or exclude the beach rights. The testimony of the reader of the title company as to the reason why the closing disregarded a notation to the effect that the title company would not insure the beach rights beyond high water mark is unwarranted speculation. The suggestion that the mortgagee chose to exclude beach rights because it did not wish to be obligated to pay assessments therefor is also speculative, particularly in the light of the fact that it was clear that in any event no such obligation could be imposed on an owner of the dominant estate because such obligation had expired twenty-five years previous to the making of the mortgage. Determining the question of inclusion of the easement on the face of the instruments, which constitute the only material proof, it appears therefrom that the easement is included in the mortgage in accordance with the foregoing authority. Findings of fact and conclusions' of law inconsistent herewith are reversed. New findings and conclusions will be made. Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur. Settle order on notice.